Skinner and others, Appellants, v. Platte County, Respondent.

1. An allowance against a county in favor of an individual, will not bear interest until the warrant has been presented to the county treasurer for payment, and the treasurer's endorsement is obtained that payment was not made for want of funds in the treasury, as required by statute.

*Appeal from Platte Circuit Court.*

The case sufficiently appears in the opinion of the court.

*Vories,* for appellant, insisted that the allowance was a judgment, or at least such a settlement of accounts that it bore interest from its date. (R. C. 1845, tit. Interest.)

*Gardenhire,* for the county. 1. Judgments at common law do not bear interest. (4 McCord, 212.) 2. The allowance

is not a *judgment* within section 3d of the act regulating interest; nor is it a "settlement of accounts" within the 1st section of said act. County warrants bear no interest until they have been presented at the treasury and payment has been refused. (Robins v. Lincoln county, 3 Mo. 42.)

RYLAND, Judge, delivered the opinion of the court.

The question here is, will an allowance against a county in favor of an individual bear interest before the warrant against the county has been presented to the county treasurer for payment, and the treasurer's endorsement thereon, showing that payment was not made because there were no funds in the treasury to pay the demand? We think not. In order to draw interest, the warrant for the allowance must be made out and presented for payment to the treasurer; if he has funds to pay with, he pays the warrant without interest; if he has no funds to pay with, "he shall so certify on the back of the warrant, date and subscribe the same." (R. C. 1845, p. 311, sec. 6.) From this date the warrant will bear interest. Here, the plaintiffs claimed their demand against the county of Platte in 1851; the county court allowed them four hundred dollars; they were dissatisfied with the court for allowing no more, and refused to accept a warrant for the sum thus allowed them. In March, 1855, they moved the county court to grant them a warrant for the said allowance of $400, together with interest thereon from the date of said allowance. This the court refused to do, so far only as respected the interest. The plaintiffs appealed to the Circuit Court; that court sustained the county court, deciding that the plaintiffs were not entitled to interest. The plaintiffs moved for a new trial, and being overruled, they excepted, and bring the case here.

The plaintiffs are not entitled to interest on the allowance in their favor. They refused to take the warrant; indeed, it may be said they refused to take the money. What right have they then to demand interest from the county? Can they, by their

obstinacy, compel the county to remain their debtor, and this, too, at the expense of paying interest? Surely not. These county warrants do not bear interest until a demand is made for payment, and the treasurer's endorsement on the back of the non-payment because there are no funds.

By the act of 1849, the county warrants are made redeemable according to their respective dates. The treasurers are to pay the oldest outstanding warrants first, and no interest is to be allowed on any warrant after the money has been received into the county treasury sufficient for its redemption; but the treasurer shall set apart and keep the money sufficient for such warrant until it is called for by the holder of such warrant. (Acts of 1849, p. 37.) The plaintiffs have not the least pretence to demand interest on their claim. The judgment of the Circuit Court is affirmed; Judge Leonard concurring.