## SUPREME COURT.

### John D. Phillips agt. Reuben H. Cudlipp, The Mayor, Aldermen, &c., *et al.*

*Interest upon an award for widening Broadway, New York.*

The interest on an award to the plaintiff for the widening of Broadway, in pursuance of the act of 1869, began to run against the corporation of the city of New York on the day that demand was made upon the comptroller by the plaintiff for payment, pursuant to the act of 1860, after the confirmation of the report of the commissioners.

*N. Y. Special Term, February,* 1874.

Van Brunt, *J.*—The main question in this action is as to the time when interest began, if at all, to run against the corporation of the city of New York, upon the award to the plaintiff for the widening of Broadway.

By the act of 1869 relative to the widening of Broadway the commissioners of estimate and assessment were required to designate in their report the time for the actual opening of that part of Broadway to be widened and straightened, which time was fixed in the report of the commissioners as May 2, 1872. This report, in consequence of unforeseen delays, was not confirmed by the court until July 5, 1872. No demand was made by any person upon any corporate authority for the payment of said award until May 21st, 1873, when a demand was made upon the comptroller, pursuant to the act of 1860.

In considering whether the corporation has become liable for interest, it will be necessary to glance at the condition of the law in respect to the payment of awards by the city.

By the act of 1813, awards became due from the city within

four months after the confirmation of the report of the commissioners, and in case of neglect or default in the payment within the four months, the persons in whose favor the awards have been made may, at any time after application first made to the mayor, aldermen and commonalty, in common council convened, for payment thereof, sue for and recover the awards, with lawful interest from and after the application therefor.

By the act of 1818 as construed by this court in the case of *Hammersley* agt. *The Mayor*, the act of 1813 was so far altered as to suspend the right to sue for nineteen months after the confirmation of the report of the commissioners unless the corporation took some steps towards entering upon the possession of the premises. In that case no decision is given as to the constitutionality of this part of the act of 1818, and no question as to that act can arise in this case. It will be seen that this provision of the act of 1818, authorizing the corporation to suspend the opening, extending, enlarging, altering and improving of any street, &c., for such time as they shall think proper, not exceeding fifteen months in the whole, after the confirmation of the report of the commissioners, has no application to the proceedings for the widening of Broadway, because the act of 1869 fixes the time when the widening shall take place, or, at least, designates how it shall be fixed, and the corporation had no power to alter the date, and the time for payment of awards would have run from that date had the report of the commissioners been confirmed prior thereto, but as it was not confirmed until after this date, such time must run from the confirmation of the report.

As all the previous acts relating to street openings, &c., are made applicable, as far as they are not inconsistent with the act of 1869, to the widening of Broadway, it seems to me that the provisions of the act of 1813 in reference to the payment of awards apply, as they are clearly not inconsistent with the act of 1869, above mentioned.

Phillips agt. Cudlipp.

This act of 1813 provides only for payment of interest upon awards after a demand upon the mayor, aldermen and commonalty in common council convened. In the present condition of our city government it would be impossible for such a demand to be made as the executive and legislative branches of the city government never in common council convene, but the laws have provided what demand should be made in cases of actions against the city and upon whom; and such a demand has been made in this action.

If there was no legislation upon the subject, I think that the courts would be compelled, from the necessities of the case, to hold that interest should not run upon awards until a demand had been made for their payment. That the payments of such awards do not come within the ordinary rule that a debtor must seek his creditor and tender the amount due, in order to stop interest, but that awards of this description are in the nature of debts payable upon demand, and require such demand in order to make interest commence to run.

In the case of awards to unknown owners, if any other rule is adopted, interest would be running against the corporation without any possibility of their stopping it. A demand was made on the 21st day of May, 1873, according to law, upon the comptroller for the payment of this award, and this, it seems to me, as no demand can possibly be made upon the mayor, aldermen and commonalty, in common council convened, is sufficient to entitle the plaintiff to claim interest from that date. The plaintiffs are entitled to judgment against the corporation for the amount of their award, with interest from May 21, 1873; and to a decree of foreclosure and sale, as to that part of the premises which have not been taken for the sum remaining due upon the mortgage.