———o———

STATE *ex rel.* JEFFRIES, Adm'r of KENNEDY, Appellant, *vs.* TRUSTEES OF TOWN OF PACIFIC, Respondent.

1. *Municipal warrants—Mandamus to enforce payment of—Prior judgment necessary, when.*—Certain town warrants were on their face made payable, out of any money appropriated for street work, but nothing showed any special power or duty of the trustees, under the law, to levy taxes for their payment; or that they were distinguishable from ordinary warrants ; *held,* that the claim must be first reduced to judgment, as contemplated by the statute, (Wagn. Stat., 617, § 77) before mandamus would lie.

2. *Town warrants—Interest begins to run, when and for what rate.*—A town warrant will not bear interest till presentment is made to the treasurer, and endorsement made that the same cannot be paid for want of funds (Wagn. Stat., 1325, § 11), and the interest from that date will be only six per cent.

3. *Mandamus—Writ should be single.*—A writ of mandamus, ordering town authorities to pay certain warrants, or levy a tax for that purpose, is improper. The command should be limited to one of the requirements.

*Appeal from Franklin County Circuit Court.*

*Crews & Napton,* for Appellant.

I. The warrants were payable from a particular fund, and payment was refused for want of an appropriation. Here, a

special tax is required to pay a special class of debts. Hence, *mandamus* will lie without a prior judgment. (Dil. Mun. Corp.. § 686–88; Maddox vs. Graham, 2 Metc. [Ky], 56; State ex rel. vs. Bollinger, 48 Mo., 475; Insane Hospital vs. Higgins, 15 Ill., 185; Graham vs. Maysville, 6 Am. Law Reg., 589; Comm. ex rel. vs. Pittsburg, 34 Penn. St., 496.)

II. The case of Skinner vs. Platte County, 22 Mo., 437, simply decides that a county warrant, until presented for payment, and payment is refused, does not bear interest. And the endorsement of date of presentment simply shows when interest began to run. The statute in that case referred to, applies only where the warrants do not on their face bear interest. But here, they do bear interest on their face, and from date, and no such presentment and endorsement are necessary to show when interest begins. Here, the debt was past due when the warrants were issued, and it may be presumed that the ten per cent. was promised because the trustees knew this fact, and that there was no money with which to pay them.

III. The objection that this writ is in the alternative, has no force. In the case of State *ex rel.* vs. Milwaukee, (22 Wis., 397) the writ was quashed, because the acts, commanded to be done, were distinct in their nature, and the defendant might not know which to perform. But in this case the order directs that the assessment should be made only in the event that there was no money, which fact they could easily ascertain.

*Henry Flanagan,* for Respondent.

I. No judgment being rendered on these warrants, *mandamus* cannot lie. (State *ex rel.* vs. Clay Co., 46 Mo., 231; People *ex rel.* vs. Clark Co., 50 Ill., 213; Lexington, vs. Mullikin, 7 Gray, 280; Wagn. Stat., 617, § 77.) In Timmerman vs. Bolinger, 48 Mo., 475, the warrants were drawn on the swamp land fund, and *mandamus* was the only remedy, as suit could not be brought in the ordinary form, so as to obtain judgment.

II. The charter of the town of Pacific (Sess. Acts, 1859) does not provide for a levy of special taxes, to pay these warrants. Hence, payment cannot be recovered by *mandamus*. (See Clark vs. Davenport, 14 Iowa, 494 ; Benoist vs. St. Louis, 19 Mo., 179 ; Burnes vs. Atchison, 2 Kans., 454.)

III. The warrants were payable out of a particular fund, but it is not shown that the fund existed when the warrants were presented for payment, or when *mandamus* was prayed ; nor the authority of the board of trustees, to set apart a fund on which to draw the warrants. (See State vs. Slavin, 11 Wis., 153 ; State *ex rel.* vs. Clay Co. *supra*.)

IV. The writ, being in the alternative, is bad, and may be quashed on motion. (State vs. Milwaukee, 22 Wis., 397.)

V. As the warrants show, it was not the duty of the trustees, but that of the treasurer, to pay them. Hence, the command to the trustees was unlawful, and the writ should have been quashed. (Tap. Mand., 327.)

VI. The trustees had no power, under the charter or the statute, to issue warrants bearing interest from date. They can draw it only from date of presentation to and indorsement by the treasurer, and then only for six per cent. (Wagn. Stat., 1325, § 11 ; Sess. Acts, 1859, p. 183, § 20 ; See also Skinner vs. Platte Co., 22 Mo., 437; State vs. Treas. Cal. Co., 43 Mo., 230 ; Dil. Corp., 367, 643.)

WAGNER, Judge, delivered the opinion of the court.

This was an application for a writ of *mandamus* by the relator against the defendants as trustees of the town of Pacific, to compel them to pay certain warrants drawn by the town authorities, and in case there should be no money in the treasury, then to levy a tax to pay the same.

The petition does not show for what purpose the warrants were drawn, but on their face they are made payable out of any money appropriated for street work, and they are made to bear interest at the rate of ten per cent. per annum from their date.

At the return term of the Circuit Court, the respondents filed their motion to quash the alternative writ, which motion was sustained, and a final judgment was rendered thereon, and the relator prosecuted an appeal.

The general rule is that *mandamus* will not lie to compel the levy of a tax for the payment of warrants drawn on the treasury of a municipal corporation before the warrants have been reduced to judgment. (State *ex rel.*, etc. vs. Clay Co., 46 Mo., 231; State *ex rel.*, etc. vs. Bollinger Co., 48 Mo., 475.) And a reduction of the demand to a judgment is contemplated by the statute in all such cases, for it provides that whenever an execution issued out of a court of record in this State, against any incorporated town or city, shall be returned unsatisfied in whole or in part for want of property whereon to levy, such court, at the return term or any subsequent term thereof, may, by writ of *mandamus*, order and compel the chief officer, trustees, council, and all other proper officers of such city or town, to levy, assess and collect a special tax to pay such execution and all costs. (Wagn. Stat., p. 617, § 77.)

A distinction has been taken in the application of the rule between cases where the duty devolving upon the municipal authorities is merely a general duty of providing for the payment of all indebtedness against the municipality, and cases where a special duty is made obligatory upon the corporate authorities to levy and collect a tax for a particular purpose, or to meet an obligation created by a special law, and it has been held in the former class of cases that *mandamus* would not lie, but that in the latter the courts might interpose and afford that remedy. (High. Extr. Leg. Rem., § 369.)

In the present case no special power or particular obligation is shown, and the relator's claim is presented simply in the attitude of an ordinary indebtedness, and is not distinguishable from the usual warrants drawn by municipal authorities.

Again, interest is demanded on the warrants from their date at the rate of ten per cent. per annum. We cannot find anything in the charter of the defendants, giving them

power to issue warrants for the town indebtedness in this form. They have no authority in this respect different from the general law, which provides that when warrants are presented to the treasurer for payment, and there is no money in the treasury to satisfy the same, the treasurer shall endorse that fact on the back of the warrant, and from that time the same shall draw legal interest until funds are provided and set apart for its payment. A town warrant, therefore, will not bear interest till presentment is made to the treasurer, and there is an endorsement thereon that payment cannot be made because there are no funds. (2 Wagn. Stat., 1325, § 11; Skinner vs. Platte Co.; 22 Mo., 437.) And when interest thus begins to run, it can only be at the rate of six per cent.

The writ asks for alternative relief, that the defendants may be compelled to either pay the warrants or to levy a tax to pay the same. These acts are distinct in their nature, and the defendants may not know which to perform. The rule is well settled that the mandatory clause of the writ should expressly and clearly state the precise thing which is required of the defendants. (People vs. Brooks, 57 Ill., 142; State vs. City of Milwaukee, 22 Wis., 397; High Extr. Leg. Rem., 539.)

It follows that the court committed no error in sustaining the motion to quash, and its judgment is affirmed. All the other judges concur.