## DONNELLY v. CITY OF BROOKLYN.

(*City Court of Brooklyn, General Term.*  September 19, 1889.)

1. CONFIRMATION OF AWARD—DECREE—LIMITATION OF ACTION.
   A confirmation, by a court, of an award for damages for property taken to widen a street, is a decree, and, under Code Civil Proc. N. Y. § 376, an action may be brought on it at any time within 20 years.

2. MUNICIPAL CORPORATIONS—LIABILITIES—INTEREST.
   Interest will begin to run on a claim against a municipal government only from the time of a demand for payment.

Appeal from special term.

Action by Owen Donnelly against the city of Brooklyn. Judgment was rendered for plaintiff, and defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*Almet F. Jenks,* for appellant.  *J. M. & A. H. Van Cott,* for respondent.

VAN WYCK, J. This action is brought to recover the aggregate of two awards, amounting to $2,800 damages, for land taken to widen North Second street, Brooklyn, under chapter 559, Laws 1871, and interest thereon from ·November 9, 1876, the date of the confirmation of such awards by the supreme court. The trial court gave plaintiff judgment for $2,800,—the amount of said awards,—$2,111.08 interest thereon from March 9, 1877, aggregating the sum of $4,910.08, and granted an extra allowance of $245.50, being 5 per cent. upon the amount of such recovery. The liability of the city for the principal of such awards is not longer an open question, having been conclusively settled, unless barred by the statute of limitations, in *McCormack* v. *City of Brooklyn,* 108 N. Y. 49, 14 N. E. Rep. 808.

Whether or not this cause of action, brought over 10 years after having accrued, is outlawed, presents a question not entirely free from doubt. There is no authority exactly in point, though the weight of the authorities upon kindred cases seems to favor the application to this case of the 20-years limitation provided for in Code Proc. § 90, and Code Civil Proc. § 376, in reference to a "judgment or decree." The tendency of the decisions of our state court seem to uphold the theory that the confirmation of an award by the court is a judicial act in the nature of a judgment or decree. Strictly speaking, it is not a "judgment," as defined by Code Proc. § 245, and Code Civil Proc. § 1200,—"the final determination of the rights of the parties in an action." But it will be observed that the word "decree" is also used in Code Proc. § 90, and Code Civil Proc. § 376. This term is certainly comprehensive enough, when not limited in its use therein by a statutory definition, to include ·a judicial determination of the rights of the parties in the legal proceedings for the condemnation of private lands for use of public streets under the right of eminent domain. This may seem to be a strained construction of these provisions, unless it is kept in mind that the judicial decisions of our courts, both before and since their enactment, have strongly inclined to hold the confirmation of such awards to be a judgment or decree. The statutory definition negatives the former, but not the·latter, and a resort to the word "decree" relieves these decisions of conflict with positive legislative enactment. The confirmation of such award by the court is a judicial act directing the payment of same, and final and conclusive upon the parties. *Striker* v. *Kelly,* 7 Hill, 9, ·19; *Embury* v. *Conner,* 3 N. Y. 512, 523; *Dolan* v. *Mayor, etc.,* 62 N. Y. 472; *.Re Department of Parks,* 73 N. Y. 565; *Mayer* v. *Mayor,* 101 N. Y. 288, 4 N. E. Rep. 336; *Re Canal and Walker Sts.,* 12 N. Y. 411. Twenty years' limitation seems to apply to awards for taking of lands for public use, and to assessments confirmed by the court. Wood, Lim. p. 341, § 172, note 8; *Mayor, etc.,* v. *Colgate,* 12 N. Y. 140; *Fisher* v. *Mayor, etc.,* 67 N. Y. 73. We have not overlooked section 223, 2 Rev. Laws, p. 443, which provides that

street opening assessments in New York city shall be a lien, and "may be sued for and recovered" "in like manner as if said houses and lots were mortgaged to the mayor for the payment thereof." This may weaken somewhat the force of the authority of these two cases in the cause at bar, but still we think that an action on such award can be maintained at any time within 20 years.

The trial court allowed interest upon the awards from March 9, 1877, though no demand of payment was made till October 4, 1888. This brings us to the consideration of the only remaining question raised by this appeal. Is interest on a claim, without an agreement for the payment of interest, chargeable against a municipal corporation or government before a lawful demand of the principal has been made? There is a well-defined distinction running through the authorities, between the obligation of the private and that of the public debtor on such matured claims. The former must seek his creditor and tender payment at maturity, or become liable from that time for interest. The latter is presumed to be able, ready, and willing to meet the demands of its creditors as they become due, and is not chargeable with interest till the creditor has demanded payment thereof, and then only from the time of the demand. In daily practice this distinction is strictly observed. Whoever heard of the state or city comptroller, or the county treasurer, starting on his journey, in search of creditors, armed with check-book, or loaded with legal tender, for the purpose of tendering payment of the public debts? It would be thoroughly impracticable, and the contention that such duty rested upon the state or city would provoke the spirit of mirth in the most glum of the laity. The creditor and debtor of a government must seek its disbursing officer,—the former to receive his money, or start interest; the latter to pay his money, or stop interest. There is a long-established rule which relieves the national government from liability for interest on claims against it, unless there is an express agreement or legislative act providing for the payment of interest. 7 Op. Atty. Gen. 523; *Wightman* v. *U. S.*, 23 Ct. Cl. 145; *Harvey* v. *U. S.*, 18 Ct. Cl. 489, note; *Tillson* v. *Same*, 100 U. S. 43. This has been modified in its application to state, county, or city governments by making them liable for interest on such a claim from the time of a lawful demand of payment thereof. The courts of this state, after a careful consideration of the reasons therefor, have approved this rule so modified. *People* v. *Commissioners*, 5 Denio, 401; *Paul* v. *Mayor, etc.*, 7 Daly, 144; *Taylor* v. *Same*, 67 N. Y. 94; *Phillips* v. *Cudlipp*, 50 How. Pr. 363, 365; *Hamersley* v. *Mayor, etc.*, 56 N. Y. 535. The courts of Missouri are in accord with this principle. *Robbins* v. *County Court*, 3 Mo. 42; *Skinner* v. *Platte County*, 22 Mo. 437; *State* v. *Trustees*, 61 Mo. 155. The case of *Lord* v. *Mayor*, 3 Hill, 426, cited by respondent to sustain the opposite view, does so only in appearance. It was an action to recover damages for the destruction of a house to prevent the spreading of a fire. The commencement of an action is equivalent to a demand, and interest was allowed only from a date subsequent to that, viz., from the date of confirmation of the award by the court of common pleas, which occurred after the commencement of the action in pursuance of a *mandamus* issued out of the supreme court. *Read* v. *City of Buffalo*, 74 N. Y. 463, and several other authorities cited by respondent, should not influence us upon this point, for in those cases the city had expressly agreed to pay interest, issuing interest-bearing obligations. The weight of authority leads us to conclude that creditors of a state or city government, holding matured claims without an agreement for the payment of interest, must seek such debtor, and demand payment of their claim, before interest will commence to run thereupon. This is a salutary rule, the wisdom of which is well illustrated by this very claim. The city has taken no steps to widen the street, and the plaintiff has not been disturbed in the use of his buildings erected upon the very land, in part at least, for the taking of which his awards were granted. Both plaintiff and

the city acquiesce in this condition for about 11 years,—the city imposing no assessment upon the plaintiff for the improvement, and changing in no way the physical conditions surrounding the premises; the plaintiff taking no steps to compel the city to make the improvement, and never asking the city for the payment of his awards for about 11 years, lest the city might respond, and at once set in motion the machinery for assessing him and his neighbors for the costs attending the improvement. The application of the rule requiring a demand upon the city for the payment of the award to start the running of interest certainly works no injustice in this case. We do not think that this award is a judgment within the meaning of Laws 1844, c. 324, § 1, providing that "every judgment shall bear interest from the time of perfecting the same." The statutory definition of a judgment excludes such assumption. This theory is further supported by the fact that this statute was repealed by Laws 1877, c. 417, § 1, subd. 18, and re-enacted in Code Civil Proc. § 1211, in the same terms; and Id. § 1200,—a part of the same chapter,—restricts the meaning of the word "judgment" to "a final determination of the rights of parties in the action." For these reasons we are of the opinion that plaintiff is not entitled to interest on the awards till payment had been demanded on October 4, 1888. Judgment must be reduced by the amount of interest allowed from March 9, 1877, to that date, and the extra allowance on such interest, and, as modified, must be affirmed.