THE PEOPLE OF THE STATE OF NEW YORK ex rel. EQUITABLE GAS-LIGHT COMPANY OF NEW YORK, Appellant, v. EDWARD P. BARKER and Others, Commissioners of Taxes and Assessments for the City and County of New York, and Others, Respondents.

*Taxation of corporations — the market-value of shares of stock is not the proper basis of an assessment — an erroneous method of assessment is not a jurisdictional defect — its effect —the assessed not the actual value of real estate to be deducted.*

The Equitable Gas-Light Company of New York obtained a writ of *certiorari* to review an assessment of its capital stock, made by the commissioners of taxes, upon a petition which stated that the commissioners "have illegally and erroneously included in their valuation of the personal property of the said corporation on said roll for taxation the following: The then market-value of the capital stock of said corporation, to wit, 112 per cent upon the whole of said capital stock."

*Held,* that, within section 4 of chapter 269 of the Laws of 1880, the petition did not specify as a ground of illegality merely an over-valuation of the capital

22   PEOPLE ex rel. EQUITABLE G. L. CO. v. BARKER.

FIRST DEPARTMENT, NOVEMBER TERM, 1892.

stock to the extent of twelve per cent, but fairly apprised the commissioners of the objection that their method of assessment was illegal and erroneous.

That it was an illegal method and principle of assessment to assess stock upon its share value in the market, the proper method being to assess the capital and surplus at their true value.

That the fact that the commissioners adopted a wrong method in fixing the value of the capital, did not oust them of jurisdiction for the reason that they had at all times jurisdiction to tax the capital.

That, in the absence of proof that a party was injured thereby, the adoption of an erroneous principle in fixing the amount of an assessment did not render it void.

That, in determining the value of the capital stock of a corporation it was not personal property alone which was to be considered, for the corporation might have large sums invested in real estate.

That it was the duty of the commissioners to value its capital — which might properly be valued at par, where the deduction of its indebtedness from its gross assets showed that the capital was unimpaired; that, from this result the only further deduction permitted by statute was to subtract the assessed value of its real estate.

That the commissioners had no power to deduct the actual value of the real estate, although it might be true that the real value was far in excess of the assessed value.

APPEAL by the Equitable Gas-Light Company of New York, the petitioner in the above-entitled proceeding, from that portion of an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 12th day of July, 1892, which ratified and confirmed as modified thereby the proceedings of the commissioners of taxes and assessments for the city and county of New York, respecting the amount of the assessed valuation of the personal property of the petitioner liable to taxation for the year 1891.

The order appealed from provided as follows :

*Ordered,* That the sum of four hundred and eighty thousand dollars be deducted from two million nine hundred and ninety-six thousand dollars, the amount of the assessed valuation of the personal property, in the city of New York, of the relator liable to taxation for the year 1891, and the assessment for that year is hereby directed to be corrected accordingly by the said commissioners of taxes and assessments upon the service of a copy of this order upon them.

*F. R. Coudert,* for the appellant.

*George S. Coleman,* for the respondents.

PEOPLE ex rel. EQUITABLE G. L. CO. v. BARKER.    23

First Department, November Term, 1892.

O'Brien, J.:

The relator, upon petition, obtained a writ of *certiorari* to obtain a reduction and cancellation of the assessment placed by the tax commissioners in taxing the capital stock of the relator. The petition states that the commissioners "have illegally and erroneously included in their valuation of the personal property of the said corporation on said roll for taxation the following: The then market-value of the capital stock of said corporation, to wit, 112 per cent upon the whole of said capital stock."

The law provides (chap. 269, Laws of 1880) that this writ is allowable "when the petition shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of over-valuation," etc.; and "if it shall appear * * * that the assessment complained of is illegal, erroneous or unequal, for any of the reasons alleged in the petition, the court shall have power to order * * * or the correction of such assessment in whole or in part in such manner as shall be in accordance with law. (Sec. 4.)

It is insisted by the respondent that the ground of illegality specified in the petition was an over-valuation of the capital stock to the extent of twelve per cent. This, however, would be rather a limited and confined view to take of the relator's objection. We think it was intended to, and did, fairly apprise the respondent of the objection urged below, and urged here, that the method or principle upon which the assessment was placed was illegal and erroneous and resulted in an injustice to the relator.

Upon an examination of the record, we think it is placed beyond doubt that the method or principle adopted by the commissioners was erroneous and illegal under the decision of *People ex rel. Union Trust Company* v. *Coleman* (126 N. Y., 433). It was therein held : "First. The subject of valuation and assessment is never the share stock, but always the company's capital and surplus. Second. Such capital and surplus must be assessed at its own value, and when that is correctly known and ascertained no other value can be substituted for it." And it appearing in that case from the statement of assets and liabilities of the company that there was nothing subject to taxation, it was held error for the assessors, for the purpose of determining the value of the capital of the corporation, to take as

24    PEOPLE ex rel. EQUITABLE G. L. CO. v. BARKER.

First Department, November Term, 1892.

such the value of the share in such corporation; and for these reasons the assessment was vacated and canceled.

Here we think the relator is sustained in the contention that in determining the value of its capital the assessors were guided principally, if not wholly, by a consideration of the market-value of the shares of the corporation, which, as we have shown, was an erroneous method or principle to apply. We do not agree, however, with the argument addressed to us by the appellant, that such facts show that the assessment has been levied upon the property of others, not upon the property of the corporation, and that, therefore, there was a total absence of jurisdiction; because, while this is specious, it is not sound, for the reason that what the commissioners did, having jurisdiction over the property of the corporation, was to adopt an erroneous method in fixing the value of the capital of such corporation — which did not take away their jurisdiction or power to act with respect to taxing such capital.

Assuming, therefore, that the commissioners, having jurisdiction, did adopt a wrong method or principle, the question presented is whether this would render the assessment void. This would leave the action of the commissioners subject, perhaps, to the criticism that they have never acted and fixed the value of the capital and that, therefore, the assessment laid is illegal and void.

We have not, however, been referred to any authority which goes to the extent of holding that the adoption of an erroneous principle by commissioners, in fixing the amount of a tax, made the tax itself void, in the absence of evidence showing that the party was thereby aggrieved. And conceding the erroneous method adopted, we think that the test to be applied, as to whether it should be further reduced or canceled, is to be determined by the answer to the question whether or not the relator has been aggrieved. For this purpose we will assume that every item presented in relator's statement upon which a claim for reduction could be based, if considered by the commissioners, would have been allowed. In other words, we will assume that, in respect to the actual value of the real estate as distinguished from its assessed value, it correctly appears in relator's statement. And we will further assume that the indebtedness claimed to exist did exist and was a proper subject for consideration by the commissioners in determining the value of

the capital of the corporation. And with these assumptions in relator's favor, if it could be shown that it was aggrieved, then we should favor the reduction, if not the annulment and cancellation of the assessment.

For the purposes, therefore, of our examination, let us take the statement furnished to the department of taxes and assessments by the relator, and which is contained in the record, as follows:

Statement made and delivered to the commissioners of taxes and assessments of the city and county of New York for and in behalf of the Equitable Gas-Light Company of New York, showing its condition for the purpose of assessment on the second Monday of January, 1891.:

| | |
|---|---:|
| Total gross assets | $6,740,666 52 |
| Capital stock actually paid in, or secured to be paid in, | 4,000,000 00 |
| Amount of surplus earnings | 161,421 87 |
| Rate of dividend for last year, or last annual dividend, | 320,000 00 |

Is the company assessed by the State under chapter 361, Laws of 1881, and the amendatory acts? Yes.

Liabilities in detail, as follows:

| | |
|---|---:|
| Capital stock | $4,000,000 00 |
| Certificates of indebtedness | 933,000 00 |
| Bonds | 1,000,000 00 |
| Bills payable | 150,000 00 |
| Purchase-money mortgages. | 400,000 00 |
| Accrued interest on bonds, etc | 33,006 66 |
| Deposits from consumers | 18,959 00 |
| For supplies, etc | 44,278 99 |

Cost of $1254\frac{4103}{5280}$ miles of mains (including $18,000 paid for new pipes not laid) $1,291,427.78.

Assessed value of real estate (1891).
Describing particularly by ward numbers:

| | |
|---|---:|
| Assessed value of mains | $429,000 00 |
| 19th Ward — 1st ave., E. 40th st., E. 41st st.; Nos. 1 to 20; 31 to 50 | 300,000 00 |

| | |
|---|---:|
| 19th Ward — 1st ave., E. 41st st., E. 42d st.; Nos. 1 to 20; 31 to 50............. ............... | 350,000 00 |
| 21st Ward — 1st ave., E. 39th st. and 40th st.; Nos. 4956 to 4981...................... ........ | 200,000 00 |
| 22d Ward — S. E. cor. 11th ave. and 59th st.; Nos. 61 to 64.    22d Ward — Bet. 10th and 11th aves., 58th to 59th sts.; Nos. 5 to 20; 45 to 60...... | 205,000 00 |
| | $1,484,000 00 |

| | |
|---|---|
| Amounts invested in the stocks of other corporations which are taxed upon their capital............. ............ | |
| Amount invested in United States securities...... ............ | |

(If the stock of the company is worth less than par, state the actual value, and give the facts under oath which will justify such estimate of its value.)

| | |
|---|---:|
| The market-value of stock, 1890................ | $125 00 |
| The market-value of stock, 1891................ | 115 00 |

The commissioners started with a valuation of $4,000,000, or the par capital of the relator, to which was originally added the twelve per cent, which, however, we need not consider because it has since been stricken out; and, therefore, we have, as a starting point in determining the question now presented to us, $4,000,000, an amount equal to the par value of the capital of the relator.   As shown above, the total gross assets were $6,740,666.52, from which, if we deduct the indebtedness as claimed by the relator, which aggregated $2,579,244, there still remains an amount in excess of $4,000,000, with which the commissioners had a right to start, and from which they were to deduct the amounts exempted by the statute.   This they did by deducting the assessed value of the real estate.

But it is insisted — and this is the ground of the grievance claimed — that, instead of the assessed value of the real estate, the actual value thereof should have been deducted.   Or, in other words, that if, for the purpose of fixing the value of the capital stock, we have regard to the total gross assets of the corporation, here stated to have been six millions and over, an examination by

the commissioners would have disclosed the facts which are now presented to the court, namely, that five millions and over of these gross assets represented money invested in real estate, lands, buildings, mains, etc., separately taxed.

We think that the error into which the learned counsel for the relator has fallen is in assuming that, for the purpose of determining the value of the capital, only personal property is to be considered. As held in *People ex rel. Butchers' Hide and Melting Company* v. *Asten* (100 N. Y., 597): "It is not a controlling fact in the assessment of the capital stock of a corporation that the whole capital was originally invested in real estate. It is the duty of the assessors to ascertain the present value of the stock, and from this to deduct the assessed value of the real estate and such other items as are specified." This case and that of *People ex rel. Twenty-third Street Railway Company* v. *Commissioners of Taxes* (95 N. Y., 554), we think, are authority for the view that for the purpose of ascertaining the value of the capital of a corporation it is competent for the commissioners to take the quantity or actual value of the real estate, together with the other property of the corporation, and after the value thereof is found, they are not required to deduct therefrom the actual value of the real estate which has been included in estimating the value of the capital, the exemption of the real estate being only to the extent that it has been assessed.

Therefore, if we assume here that all the property of the relator was real estate, that its gross assets consisted entirely of real estate, it would make the valuation of the capital stock, after deducting the indebtedness, exceed the par value thereof, namely, $4,000,000. And if the commissioners, under these circumstances, were to be obliged to deduct the actual value of the real estate, and not its assessed valuation, we concede that there would be nothing upon which an assessment could be laid or predicated. But as the commissioners were directed not to deduct the actual value of the real estate, but only the assessed value thereof as exempted, it would be their duty to make only that deduction which the statute allowed.

We think the relator, upon the figures submitted, shows that the capital stock was unimpaired; that there remained a surplus of $161,421.87 after deducting an eight per cent dividend on the par capital for the preceding year, and that the commissioners were

bound to adopt at least a par value of the capital as the actual valuation of the capital stock for the purposes of assessment. And upon examination, if the indebtedness, as claimed, and the assessed valuation are deducted before determining what amount is taxable, it will be found that the amount, as fixed by the commissioners, was not excessive.

For the reason, therefore, that we do not see that the relator was aggrieved, or could be aggrieved, by the method pursued, and the amount, after the deduction made by the learned judge at Special Term, having been fair and just to the relator, we are of opinion that the disposition made by the Special Term was proper and should be affirmed, without costs.

VAN BRUNT, P. J.:

I concur in the result of the foregoing opinion, except to costs. I see no reason why an affirmance should be had without costs. I think we should affirm, with costs.

LAWRENCE, J.:

I think that the affirmance should be with costs.

Order affirmed, with costs.