THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK CLEARING HOUSE BUILDING COMPANY, Appellant, *v.* EDWARD P. BARKER and Others, Commissioners of Taxes and Assessments of the City and County of New York, Respondents.

*Taxation — the real estate of a corporation in determining its entire property, from which the assessed value of the real estate is to be deducted, need not be valued at its assessed value.*

The tax commissioners of the city of New York in valuing, under chapter 456 of the Laws of 1857, the whole property owned by a corporation, whether real or personal, from which aggregate is to be deducted the assessed value of the real estate, are not bound to value such real estate at its assessed value.

Under what circumstances the action of the commissioners, in assessing a building constructed for a special purpose at its cost, cannot be characterized as either capricious, arbitrary or unjust so as to call for any interference with their action by the court considered.

APPEAL by the relator, the New York Clearing House Building Company, from a judgment of the Supreme Court in favor of the

**316**  PEOPLE ex rel. CLEARING HOUSE *v.* BARKER.

FIRST DEPARTMENT, JUNE TERM, 1898.          [Vol. 31.

defendants, entered in the office of the clerk of the county of New York on the 23d day of November, 1897, upon an order made at the New York Special Term and entered in said clerk's office on the 16th day of November, 1897, dismissing a writ of certiorari issued to review the proceedings of the defendants as commissioners of taxes and assessments of the city and county of New York, in assessing the capital stock of the relator for the year 1896.

*William S. Opdyke* and *David Willcox*, for the appellant.

*James M. Ward*, for the respondents.

Order affirmed, with ten dollars costs and disbursements, on opinion of BEEKMAN, J., in court below.

Present — BARRETT, RUMSEY, INGRAHAM and McLAUGHLIN, JJ.

The following is the opinion of BEEKMAN, J.:

BEEKMAN, J.:

The relator contends that the commissioners of taxes had no right to consider or estimate any other value of its real estate than the assessed value in determining the amount of its capital which was subject to taxation under chapter 456 of the Laws of 1857. By the terms of that statute, " the capital stock of every company, liable to taxation, except such part of it as shall have been excepted in the assessment roll, or as shall have been exempted by law, together with its surplus profits or reserved funds, exceeding ten per cent of its capital, after deducting the assessed value of its real estate and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this State, shall be assessed at its actual value and taxed in the same manner as the other personal and real estate of the county. The learned counsel for the relator has presented a very able and exhaustive brief in support of his contention, but I think the weight of authority in this State is against him. In the case of *People ex rel. Equitable Gas Light Co.* v. *Barker* (144 N. Y. 94) the act above referred to was under construction with respect to the very question which is here raised. In delivering the opinion of the court, ANDREWS, Ch. J., says (p. 100): " But the law governing the taxation of corporations (Laws 1857, ch. 456) requires the valuation of the whole property owned by the corporation, whether real or personal, or both, in order to ascertain the capital which is

the subject of taxation (*People ex rel. Union Trust Co.* v. *Coleman,* 126 N. Y. 433), and from the aggregate is to be deducted the assessed value of the real estate, and the balance is the capital subject to assessment, after deducting debts and any exemptions allowed by law. In assessing the capital of a corporation for the purpose of taxation it is immaterial in which description of property the capital may be invested. Both its real and personal property are to be considered and valued, and from the aggregate value is to be deducted the assessed value of the real estate, for the obvious reason that to that extent a separate taxation is provided. (*People ex rel. Equitable Gas Light Co.* v. *Barker et al.,* 66 Hun, 21; affd. in this court in 137 N. Y. 544.) In case of corporations it may happen that an undervaluation in the assessment of the real estate as such will be corrected in its valuation as part of the capital, and so the undervaluation may be remedied, and the whole property be subjected to taxation at its real value. The fact, therefore, that the assessed value of the relator's real estate was $1,515,400 does not necessarily show that it was its full value, nor did it, we think, preclude the commissioners from estimating its value for the purpose of ascertaining the capital subject to taxation at its actual value, although it exceeded the assessed value. The act of the commissioners in undervaluing the real estate in its assessment as such did not estop the public nor relieve them of the duty, in ascertaining the value of the capital, to estimate the real estate at its full value. We are not here concerned with any question of inequality of assessment as between the relator and other taxpayers. We hold that the commissioners could legally disregard the assessed value of the real estate in estimating the value of the capital, and the question of legality is the only point now in question." I have quoted quite at length from this case, because it seems to render any further discussion upon the point quite unnecessary. What is there said was intended by the court to be an authoritative and final exposition of the meaning of the statute, as is clearly shown by the final sentence, which sums up the discussion. The case is not overruled by *The People ex rel. Manhattan Ry. Co.* v. *Barker* (146 N. Y. 304). The court there objected to the particular manner in which the commissioners attempted to value the real estate, characterizing it as founded upon "presumptions figured upon intricate

318    PEOPLE ex rel. CLEARING HOUSE *v.* BARKER.

First Department, June Term, 1898.    [Vol. 31.

theories," but the case of *People ex rel. Equitable Gas Light Co.* v. *Barker* (*supra*), although twice cited in the opinion, is nowhere referred to with disapproval. Finally, the Appellate Division in this department has expressed the same rule as one of the established principles in the assessment of corporations for local taxation. (*People ex rel. Subway Co.* v. *Barker*, 7 App. Div. 27.) In the case at bar the undisputed facts disclosed by the record are that the relator is a domestic corporation having a paid-up capital of $900,000. Its assets consist of a parcel of land on Cedar street and a building which has been erected thereon, which together have cost about $965,000. Its personal assets, consisting of the equipment of the building and cash on hand, amount to $130,049.02. Its indebtedness is $329,050.28, and the assessed value of the real estate is $600,000. Upon this the commissioners have based an assessment of capital for purposes of taxation amounting to $165,999. This was done by estimating the value of the real estate at its cost, namely, $965,000, and unless in so doing their action has been arbitrary and unjust, the court will not interfere. It has been properly said that the authority which is vested in the court to review their action " does not mean that the court is to place itself in the position of an assessor, and review the decisions of those officers upon questions of value or appraisement where the officers proceeded upon information or evidence tending to support their decision. The court generally will not look into questions of fact as to the amount or value of the personal estate of a corporation or individual. These are questions for the judgment of the assessors, and their decisions will ordinarily be sustained." (*People ex rel. Edison Electric Illuminating Co.* v. *Barker*, 139 N. Y. 55, 60.) Is there, then, evidence in the record tending to support the decision of the commissioners that the real estate in question was of the value of $965,000 ? Cost is evidence of value, especially where, as is claimed here by the relator, the property is unique in character and improved in a way which limits its profitable use to a special and peculiar purpose. The relator does not assume to place a valuation upon the property, nor does it claim that the assessed value is in fact the actual value. While giving the cost in the statement which it submitted to the commissioners, it says that " the building was considered * especially

* *Sic.*

for the business of the N. Y. Clearing House Association, and is not adapted for any other use, so that its market value is not equal to its cost; " but no evidence was presented which indicated what the market value was claimed to be.    The affidavit of the president of relator was also submitted, which reiterates this statement, and adds that " in view of the absence of any general market value for a building not fitted for other than a single use, the said building has been properly assessed for taxation at not over $600,000."    It is claimed by the relator that, under the admissions of the return, the commissioners were bound to accept the whole of this statement as a limitation of actual value at the sum of $600,000.    The return, however, expressly excepts from the admission " the claim and allegation that the market value of the real estate of the relator was not equal to its cost," and asserts that the contrary was true.    It will be observed that the statements of the relator upon the subject are largely argumentative in their nature.    Because of the nature of the property, it is claimed that the market value of the property is less than the cost, and for the same reason the assertion is made, not that the property is worth only $600,000, but " has been properly assessed for taxation at not over $600,000."    Nowhere does the relator undertake to fix the actual value at any specific sum. The question was, therefore, fairly open to determination by the commissioners.    They had before them elements tending to support the valuation which they affixed to the property ; and assuming the absence of a standard of market value, which the relator asserts was the case, it was within their competency to consider the cost as furnishing a guide to a result.    They certainly were not bound to adopt the mere conclusions or opinions of the relator, especially as the basis of valuation upon which it insists would import an impairment of its capital of more than fifty per cent.    I do not think, therefore, that the action of the commissioners can be characterized as either capricious, arbitrary or unjust, so as to call for any interference with their action by the court.    The case is quite different from that of *The People ex rel. Subway Co.* v. *Barker* (7 App. Div. 27).    There were circumstances of aggravation there which are without any counterpart in the case at bar, and which make the disposition of that case inapplicable here.    It follows from what has been said that the writ must be dismissed, with costs.