(33 Misc. Rep. 32.)

PEOPLE ex rel. EDEN MUSEE AMERICAIN CO., Limited, v. FEITNER et al., Tax Com'rs.

(Supreme Court, Special Term, New York County.   November, 1900.)

1. TAXATION—ASSESSMENT.
     Under Greater New York Charter, § 906, and Gen. Tax Laws 1896, § 250, requiring a taxpayer to show that he is aggrieved by an assessment before it will be corrected by certiorari, a corporation which leases real estate under a contract requiring it to pay the taxes thereon cannot have an assessment reviewed because the property is erroneously assessed to the corporation, but not deducted from the actual value of its stock and surplus, since it should not be so deducted, and the error in assessing the land to the corporation is immaterial.

2. SAME—DECISION OF COMMISSIONERS—REVIEW.
     Where the tax commissioners commit no error of law in fixing the assessment of property, and also act in good faith, their decision on the question of value is not reviewable.

Certiorari by the people, on the relation of the Eden Musee Americain Company, Limited, against Thomas L. Feitner and others, commissioners of taxes.   Writ quashed.

G. Davis, for relator.
John Whalen, Corp. Counsel, for respondents.

ANDREWS, J.   Certiorari to review an assessment for taxation in 1899.   The capital and surplus of the relator were valued by the deputy tax commissioner at $350,000.   While the books were open for correction, an application was presented to the commissioners asking for a revision of such assessment, and upon such application the following facts appeared:   The relator was capitalized at $330,-000, and was the owner of real and personal property of the value of $275,329, of which amount $243,920.89 represented the cost of the building erected by the relator upon leased land, and $31,400 represented the value of certain personal property.   In such application the relator brought to the attention of the commissioners the assessed value of its real estate, consisting of the premises section 3, vol. 2, lot No. 825, ward map No. 12, being a description which included both the land and buildings erected thereon, at No. 55 West Twenty-Third street, in the borough of Manhattan; such assessed value being $270,-000.   It appears that the land was not owned by the relator, and that such land and the building erected thereon were assessed together at said valuation of $270,000; and that it did own the building, for which it had paid out for cost of construction the sum of $243,929.89, and that such building was carried as an asset upon the books of the relator at that sum; also that the relator occupied the ground under a 20-year lease, with a covenant of renewal and a covenant to pay the taxes, both on the land and on the building.   It appears from the return to the writ that the land in question was assessed at $165,000 and the building at $105,000.   The commissioners fixed the total value of the assets of the corporation, which consisted of the building, the lease in question, and certain personal property, at $275,329, and then allowed by way of reduction for an indebted-

ness of $6,514, and $105,000, the assessed value of the real estate owned by the relator, consisting of the building in question, and found a taxable balance of capital and surplus of $163,815; but the assessment was fixed at the sum of $100,000 only. Before the relator can obtain a correction of the assessment as fixed by the defendant, it must affirmatively show that it is aggrieved by such assessment, and that the value of its capital and surplus as so fixed is in excess of its actual value, irrespective of the method by which the result was reached. Greater New York Charter, § 906; Gen. Tax Laws 1896, § 250; People v. Barker, 66 Hun, 23, 24, 28, 20 N. Y. Supp. 797, affirmed in 137 N. Y. 544, 33 N. E. 336. Assuming that the real estate was assessed in its entirety to the relator, although the land itself did not belong to it, the relator was not thereby aggrieved, because of the covenant in its lease to pay the taxes upon the land as well as upon the building; and there is no dispute about the fact that the land itself was assessed at $165,000, and the building, which was the only real estate owned by the relator, was assessed at $105,000, although it is admitted that the relator expended $243,929.89 in erecting the same. It has been repeatedly decided that in determining the actual value of the assessed property of a corporation for the purpose of taxation the commissioners are authorized and required to deduct the assessed value only of the real estate, and to include in the capital and surplus the difference between the assessed and the actual value as represented by its cost. People ex rel. Equitable Gaslight Co. v. Barker, 144 N. Y. 94, 39 N. E. 13; People ex rel. New York Clearing-House Bldg. Co. v. Same, 23 Misc. Rep. 192, 51 N. Y. Supp. 1102, affirmed in 31 App. Div. 315, 51 N. Y. Supp. 1102, 53 N. Y. Supp. 1111, affirmed in 158 N. Y. 709, 53 N. E. 1130; Jenkins v. Neff, 163 N. Y. 320, 57 N. E. 408. It is claimed by the relator's counsel that the method pursued by the commissioners resulted in a double assessment; but, in view of the decisions above cited, this contention cannot be sustained. It is certainly entirely clear that the relator was not entitled to have a deduction made of the sum of $270,000 because it did not own the land, and the fact that the land had been inadvertently assessed in the name of the relator does not alter the case. No obligation to pay the taxes upon the land arose by reason of such assessment; such obligation arising only because of the covenant in its lease to pay such taxes. The only real estate belonging to the relator was its building. That, as above stated, was assessed at the sum of $105,000, and that was all the relator was entitled to have deducted. The assessment made by the tax commissioners was neither illegal nor double. The real grievance of the relator, if it has any, is that in estimating the value of its assets the commissioners placed too high a valuation upon the building, namely, $243,929.89; but it appeared by the relator's own showing that that was the actual cost of the building, and that the building was carried as an asset upon its books at that amount, and that the lease contained a covenant for a renewal. There is nothing whatever before the court which would justify it in attempting to review the valuation so placed by the commissioners upon the building, and, besides, it has been frequently held that, where no error

of law was committed, and the commissioners have acted in good faith, upon reasonable grounds, in the exercise of their best judgment, their decision upon a question of value will not be disturbed. The writ will be quashed, with costs.

Writ quashed, with costs.