(33 Misc. Rep. 249.)

### HOLIHAN et al. v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. December, 1900.)

MUNICIPAL CORPORATIONS—INTEREST—GOODS SOLD.
> Where a judgment is recovered against a city for goods sold and delivered, the plaintiff is only entitled to interest from the date of the demand of payment, and not from the date of the delivery of the goods.

Action by Alfred L. Holihan and others against the city of New York. Motion by defendant to correct judgment in favor of plaintiff. Motion granted.

John Whalen and George O'Reilly, for the motion.
Black, Olcott, Gruber & Bonynge, opposed.

McADAM, J. On November 14, 1900, the plaintiffs entered judgment against the defendant for the sum of $936.83, with interest and costs, in an action for goods sold and delivered. Interest was calculated from January 18, 1899, the date of the last delivery of the goods, although no demand was made upon the defendant's comptroller until January 18, 1900. Defendant contends that the interest should have been calculated from the date of demand, and moves to amend the judgment by deducting from the amount thereof the difference between the interest for the two periods. As to the payment of interest on accrued debts, the authorities apply a different rule to the case of a municipality from that which is applicable where the debtor is a private person. The individual is bound to seek his creditor and pay the debt when it becomes due, whereas a municipal corporation may require a demand before subjecting itself to the burden of interest. Paul v. Mayor, etc., 7 Daly, 144; Donnelly v. City of Brooklyn (City Ct. Brook.) 7 N. Y. Supp. 49, at page 50, affirmed in 121 N. Y. 9, 24 N. E. 17; Taylor v. Mayor, etc., 67 N. Y. 87; People v. Canal Com'rs, 5 Denio, 404; In re College Place, N. Y. Law J., May 7, 1895; Id., N. Y. Law J., April 16, 1895.

Motion granted. Settle order on two days' notice.