In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. March 14, 1901.)

1. MUNICIPAL CORPORATION—CLAIMS—INTEREST.

Under Laws 1896, c. 393, § 2, providing that no expenses in proceedings by the city of New York to acquire a site for a city hall shall be paid until taxed before a justice of the supreme court, a claim for fees for services as a real-estate expert and appraiser in such proceedings

was not enforceable against the city until so taxed, and will not draw interest until a demand is made on the city by serving a certified copy of the order taxing his fees on the proper officer.

2. SAME—MOTION—COSTS.

An application to a justice of the supreme court for an order taxing the fees of the applicant as a real-estate agent and appraiser in proceedings by the city of New York to acquire a site for a city hall is not a special proceeding, within Code, § 3334, for the purpose of taxation of costs, as it is a proceeding under a special statute; hence, under section 768, providing that every application for an order is a motion, merely motion costs can be granted on such application.

Application of Edgar A. Treadwell to tax his bill as a real-estate expert and appraiser employed by the city of New York in a proceeding to acquire a site for a city hall.

Burr, Coombs & Wilson, for applicant.

John Whalen, Corp. Counsel, and Chas. D. Olendorf, Asst. Corp. Counsel, for city of New York.

McADAM, J. The applicant's demand comes under chapter 393 of the Laws of 1896, which, among other things, provides that "no such expenses and disbursements shall be paid until they have been taxed before a justice of the supreme court in the First judicial district upon five days' notice to the counsel of the corporation." Section 2. The applicant's fees were taxed under this section at $4,000 on March 1st last, and became for the first time an enforceable charge against the city; so that his claim for interest since October 1, 1899, is without warrant in law. In reaching this conclusion the court has in mind the fact that the authorities apply a different rule to the case of a municipality from that which is applicable where the debtor is a private person. The individual is bound to seek his creditor, and pay the debt when it becomes due; whereas a municipal corporation may require a demand before subjecting itself to the burden of interest. See cases collated in Holihan v. City of New York, 33 Misc. Rep. 249, 68 N. Y. Supp. 149. When a certified copy of the order is served on the proper municipal officer, a legal demand will have been made. On the question of costs and allowance it is evident that the application is not a special proceeding, within the meaning of the statute (Code, § 3334). It is not made under the general law, but under a special statute (In re City of Brooklyn, 148 N. Y. 107, 42 N. E. 413); so that merely motion costs, namely, $10, can be granted (Code, § 768). Order settled in accordance herewith.