JOHN PAUL, Respondent, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellants.

(Decided April 2d, 1877.)

The Corporation of the city of New York is not liable to pay interest on interest-bearing claims against it for the period between the time when by their terms they become due and the time when payment is demanded; and the rule as to a private debtor, that to stop interest he must seek and make tender to his creditor, does not apply to a municipality

APPEAL from an order made at special term by Judge JOSEPH F. DALY, denying a motion made by the defendant to vacate or reduce the amount of a judgment entered against it.

The facts are stated in the opinion.

*Wm. C. Whitney* and *D. J. Dean*, for appellants.

*John B. Leavitt*, for respondent.

VAN HOESEN, J.—This is an appeal from an order denying a motion to vacate a judgment, or to reduce it in amount. The judgment was by default, and was entered in an action brought against the city of New York for the recovery of the amount due upon a certificate of indebtedness, issued by the town of Morrisania, which, by act of the Legislature, has become part of the city of New York. The certificate bears date June 14, 1873, and promises the payment of three hundred dollars, with interest from date. The stipulated time of payment is when the assessment for grading Concord avenue shall have been collected, or at all events, one year from the date of the certificate. On the 14th day of June, 1874, one year after its date, the certificate, principal and interest, was due and payable. As to this there is no dispute. Before the arrival of the day last mentioned, all the liabilities of the town of Morrisania became, by legislative act, liabilities of the city of New York. The plaintiff refrained from demanding payment from the city until the 30th day of September, 1876, and the question to be decided is, whether the city is liable to pay interest on interest-bearing claims for the period between the time of their maturing and the time when payment is demanded? In other words, may the holder of a city obligation, which by its terms bears interest, withhold the presentation of the obligation when it becomes due and payable, and thereby compel the city to pay him interest for a time limited only by his own convenience? If the city is to be regarded as a private individual, the answer must be in the affirmative, but if it is to be considered as a part of the government established by the people for the administration of their public affairs, the answer must be in the negative. There is a reason for the difference between the rule applicable to a private person and that applicable to a State. A private debtor is bound to seek out his creditor, and to tender the amount of the debt. If he performs that duty, he may, at any time after the maturity of the debt, stop the accruing of interest. The State, however, is not bound to seek out its creditor. It may lawfully wait till he presents himself and his claim. (*People* v. *Canal Commissioners*, 5 Denio, 404, 405.) It is unnecessary to repeat

the reasons stated by the court in the case just cited why the State should not be compelled to seek out its creditors.

Those reasons apply to the city of New York with as much force as to the State. The magnitude and extent of the business of the various departments of the city, the complex system of government provided by the legislature, the independence and the powers of the various boards of commissioners, and the absolute necessity for checks and safeguards against fraudulent claims, render it impossible for the city to search out its creditors, and to tender each man, wherever he may be, the amount of his demand. Fortunately, the Court of Appeals has already spoken on the subject, and has said in the case of *Taylor* v. *The Mayor*, &c. (unreported): "The city government is not required to seek out those who have claims against it, and pay them even when due." As I have already said, the duty of a private person to pay interest on a past due liquidated demand, followed from his neglect to relieve himself from the burden by seeking out his creditor. If the duty to seek out the creditor does not exist, the debtor is in no default, and cannot be called upon to pay interest until the creditor makes demand upon him. It follows, therefore, that the plaintiff should have presented his claim at the time it became due and payable, namely, on the 14th day of June, 1874, and that he is not entitled to interest between that date and the 30th day of September, 1876, the day he demanded payment of the Comptroller.

The order appealed from should be reversed with costs, and the judgment should be reduced by deducting therefrom the sum of forty-eight dollars.

CHARLES P. DALY, Ch. J., concurred.

Order reversed, and ordered that judgment be reduced.