FRANK STODDART, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*A sanitary inspector of New Brighton became a sanitary inspector in the health department of Greater New York by virtue of section 1536 of the charter — interest is recoverable on his salary from the date of his filing his claim therefor with the comptroller.*

A person holding the position of sanitary inspector under the board of health of the village of New Brighton in the county of Richmond, at the time the original Greater New York charter (Laws of 1897, chap. 378) went into effect, became a sanitary inspector in the health department in the consolidated city by virtue of that clause of section 1536 of the charter which provides, "the clerks and subordinates of departments that are abolished or reconstructed by this act, under the same or under other names, shall continue in the service of the said city under the jurisdiction of the appropriate department, subject nevertheless to removal in accordance with the provisions of this act for cause, or to abolish unnecessary positions," notwithstanding that another provision of such section required certain officials in the consolidated municipalities to prepare a plan providing "for the apportionment between the several public departments, bureaus and offices, and the assignment to service in said public departments, bureaus and offices respectively, so far as practicable, of all the subordinates and employes in every branch of the public service in each of the several municipal and public corporations hereby consolidated, in such manner that each person shall be assigned, as nearly as may be, without prejudice or advantage to perform the same service, and in the same part of the city, and to hold the same relative rank or position in the city constituted by this act, as he performed and held at the time said plan of apportionment and assignment is determined upon," and that the plan prepared pursuant to this direction did not deal with any of the subordinates or employes in the county of Richmond.

In an action brought by an officer of the city of New York to recover his salary for a period during which he was unlawfully prevented from performing the duties of his office, the plaintiff is entitled to recover interest only from the time that his claim for such salary was filed with the comptroller and not from the time when his salary became payable.

APPEAL by the defendant, The City of New York, from a judgment of the Municipal Court of the city of New York, borough of Richmond, in favor of the plaintiff, entered on the 15th day of May, 1902, upon the decision of the court.

*Albert E. Hadlock* [*James McKeen* with him on the brief], for the appellant.

*Warren C. Van Slyke,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff in this action has recovered compensation at the rate of sixty-five dollars a month as his official salary as a sanitary inspector in the department of health of the city of New York, for a period beginning January 1, 1898, and ending on the 8th of June of the same year. At the time when the original Greater New York charter took effect, he was a sanitary inspector under the board of health of the village of New Brighton, in the county of Richmond. He claims to have been transferred to the service of the consolidated city, or continued therein, by virtue of the provisions of section 1536 of the charter (Laws of 1897, chap. 378). On December 31, 1897, Edward I. Miller, who had been designated by the chairman of the board of supervisors of Richmond county to act for the board of health and charities in protecting the property of the borough of Richmond for the time being, notified the plaintiff that he was to continue his services as sanitary inspector, and the plaintiff did so from the 1st to the 13th of January, 1898, when the assistant sanitary superintendent of the borough of Richmond declared that he would not recognize the plaintiff, and from the latter date until the 8th of June, 1898, when the plaintiff received a temporary appointment as sanitary inspector in the department of health of the consolidated city, he rendered no actual services to the city, although he was, during the entire period, ready, willing and able to do so.

Section 1536 of the original Greater New York charter prescribed the preparation of a plan by the mayor of the old city of New York, the mayor of the city of Brooklyn, the mayor of Long Island City, the chairman of the board of supervisors of the county of Richmond, and the county judge of Queens county, which, among other things, should "provide for the apportionment between the several public departments, bureaus and offices, and the assignment to service in said public departments, bureaus and offices respectively, so far as practicable, of all the subordinates and employes in every branch of the public service in each of the several municipal and public corporations hereby consolidated, in such manner that each person shall be assigned, as nearly as may be, without prejudice or advantage to perform the same service, and in the same part of the city, and to hold the same relative rank or position in the city constituted by this act, as he performed and

held at the time said plan of apportionment and assignment is determined upon." The plan actually prepared under this section contained no assignment to service of any subordinates or employees in the county of Richmond. Notwithstanding this omission the plaintiff contends that he became a sanitary inspector in the health department of the new city when the charter took effect by virtue of that portion of section 1536 which provides that "the clerks and subordinates of departments that are abolished or reconstructed by this act, under the same or under other names, shall continue in the service of the said city under the jurisdiction of the appropriate department, subject nevertheless to removal in accordance with the provisions of this act for cause, or to abolish unnecessary positions."

After a very careful consideration of the question I have reached the conclusion that he is correct. While the framers of section 1536 undoubtedly contemplated the preparation of a plan by the officers designated therein which should relate specifically or generally to all subordinates and employees in every branch of the public service in the several municipalities which were to be consolidated, I am not prepared to say that the omission of the plan to deal with such subordinates and employees in one of these municipalities had the effect of nullifying or rendering inoperative the provision which I have quoted to the effect that the clerks and subordinates of departments abolished or reconstructed by the charter " *shall* continue in the service of the said city." This provision is mandatory in form, and I think the courts are bound in some way to give it effect. That can only be done in the present case by holding that, in spite of the omission of the plan of transfer to deal with the office of sanitary inspector, held by the plaintiff, he, nevertheless, became a sanitary inspector in the consolidated city under the jurisdiction of the appropriate department, which was the department of health.

There is nothing in conflict with this view in the case of *People ex rel. Percival* v. *Cram*, either as first presented or upon the second appeal. (32 App. Div. 414; affd. on opinion below, 158 N. Y. 666; S. C., 164 id. 166.) That case did not involve any omission to deal with the position or office there in question, but related to a mistake in the plan of transfer, which was subsequently corrected by amendment. It is true that in *People ex rel. Fuller* v. *Coler* (33 App. Div. 617) there is an intimation to the effect that to

entitle a clerical or other subordinate employee to protection under section 1536 of the charter it was necessary that the board of officers constituted by that section should assign him to service in one of the departments ; but this suggestion was not material to the decision, and the learned judge who made it could not have had in contemplation any such question as is presented in the case at bar.

An assistant sanitary inspector, under the former charter of the city of Brooklyn, was held to be an officer rather than a simple employee (*Smith* v. *City of Brooklyn*, 6 App. Div. 134), and it seems equally plain that sanitary inspectors under the Greater New York charter are also officers. Section 1185 requires that they "shall have such practical knowledge of scientific or sanitary matters as qualify them for the duties of their *office*." Hence, the plaintiff was entitled to the compensation fixed for the position, upon proof of his readiness and ability to perform the services incident thereto, even though he was actually prevented from performing them.

These views require an affirmance of the judgment, except so far as relates to the amount included therein by way of interest. This appears to have been computed from June 8, 1898, the date when the salary of the plaintiff is alleged to have been payable, whereas it should have been computed from February 17, 1902, the date when the claim of the plaintiff was filed with the comptroller of the city of New York. In an action against a municipality for unpaid salary, interest is recoverable only from the time of the demand. (*Taylor* v. *Mayor*, 67 N. Y. 87.)

On account of this error in the matter of interest the judgment appears to be excessive to the amount of sixty-seven dollars and fifty-five cents. It must be modified by deducting this sum therefrom and as thus modified should be affirmed, without costs of this appeal to either party.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment of the Municipal Court modified by deducting therefrom the sum of sixty-seven dollars and fifty-five cents, and as thus modified affirmed, without costs of this appeal to either party.