John G. O'Keeffe, as Receiver of The Matt Taylor Paving Company, Appellant, *v.* The City of New York, Respondent.

New York (City of) — Interest on Claim against City — Runs Only from Time of Demand of Payment. When a judgment is recovered against the city of New York for various sums due upon a contract for paving certain streets, interest cannot be awarded upon such claims from the maturity thereof, but only from the time that payment was demanded.

*O'Keeffe* v. *City of New York,* 86 App. Div. 626, affirmed.

(Argued October 21, 1903; decided October 30, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 22, 1903, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order of such trial court reducing the verdict as directed by the amount of interest upon each of the demands sued upon from the date when such demands became due to the date of service of notice of claim upon the comptroller.

This action was brought to recover several installments due under a paving contract providing for the payment of a part of the contract price in ten annual installments.

*William A. Barber* and *Henry D. Hotchkiss* for appellant. The obligation to pay does not depend upon any demand to be made by the contractor, but follows from the

words of the contract. Under such circumstances the debt carries interest from the day the moneys were payable. ( *Van Rensselaer* v. *Jewett*, 2 N. Y. 135 ; *de Carricarti* v. *Blanco*, 121 N. Y. 232 ; *Adams* v. *F. P. Bank*, 36 N. Y. 255 ; *Sanders* v. *L. S. & M. S. Ry. Co.*, 94 N. Y. 641 ; *Chester* v. *Jumel*, 125 N. Y. 237 ; *Young* v. *Godbe*, 15 Wall. 565 ; *R. & I. C. Co.* v. *R. I. & R. R. R. Co.*, 68 Fed. Rep. 105 ; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331 ; *Wilson* v. *City of Troy*, 135 N. Y. 96.)

*George L. Rives*, Corporation Counsel (*Theodore Connoly* and *Chase Mellen* of counsel), for respondent. Interest upon claims against the city runs only from the date of the demand for payment thereof filed in accordance with the Greater New York charter. (*Meyer* v. *Mayor, etc.*, 12 N. Y. S. R. 674 ; *Frankel* v. *Mayor, etc.*, 18 N. Y. S. R. 241 ; *Taylor* v. *Mayor, etc.*, 67 N. Y. 87 ; *Sweeny* v. *City of New York*, 173 N. Y. 414 ; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 20 ; *Paul* v. *Mayor, etc.*, 7 Daly, 144 ; *People* v. *Canal Comrs.*, 5 Den. 404 ; *Darlington* v. *Mayor, etc.*, 31 N. Y. 193.)

*Per Curiam.* The only question brought up for review is as to the time that interest should be allowed upon the plaintiff's claim. It would be exceedingly difficult for the comptroller of a large city to look up claimants or their heirs or assigns and tender payment as their claims matured and became due. If interest at six per cent is chargeable from the date of the maturity of claims many persons might refrain from presenting them during the period permitted by the Statute of Limitations. The allowing of interest from such maturity would afford a safe and profitable investment which might become very attractive to many and induce them to buy up claims for the purpose of holding them for the interest. This would impose a burden upon the city that it ought not to bear.

The better and more just way is to follow the rule laid down in *Taylor* v. *Mayor, etc., of N. Y.* (67 N. Y. 87, 94)

and *Sweeny* v. *City of New York* (173 N. Y. 414) and award interest on claims only after the demand of payment has been made.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, HAIGHT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.