### KERVIN v. UTTER et al.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1907.)

1. INTEREST—LIABILITIES—DEMANDS NOT LIQUIDATED.

　　In an action on an agreement by plaintiff's tenant in common to pay a proper proportion of expenses of drilling and operating oil wells on the land owned in common, where the amount paid out was certain and not diminished by counter charges, the claim is not unliquidated in a sense which would relieve the debtor from liability for interest.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, § 35.].

**2. SAME—TIME—DEMAND.**

The defendants would be liable for interest from the time of a demand for payment of the claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, § 115.]

**3. SAME—COMMENCEMENT OF ACTION AS A DEMAND.**

In an action for money due under a contract, in the absence of proof of ·a specific prior demand, commencement of the action will be deemed a demand setting interest running.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, § 106.]

Appeal from Judgment on Report of Referee.

Action by Thomas Kervin against Frank R. Utter and another. From a judgment which denied interest to plaintiff, he appeals. Modified.

The plaintiff appeals from the judgment in his favor bringing up for review only that part which denies him interest on the damages awarded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

Dana L. Jewell, for appellant.
James T. Ward, for respondents.

SPRING, J. In February, 1881, Morris C. Mulkin, respondents' testator, purchased an undivided one-fourth of a 20-acre tract of land in Bolivar, Allegany county. In April, 1882, the plaintiff acquired by purchase all the oil and gas in an undivided three-fourths of the same premises. Oil had been discovered on the adjacent lands, and many wells were in process of drilling and sufficiently near to the 20-acre tract to drain it of oil and materially lessen its value. Thereupon, in the month of April, 1882, the plaintiff commenced to drill for oil on said premises, completing six producing wells by the 21st day of December, 1882. He expended in such development the sum of $14,696.97. Said expenditures were made in pursuance of an agreement with Mulkin whereby he promised to pay to the plaintiff one-fourth of the expense and cost reasonably incurred by the plaintiff in drilling said wells and operating the same. The said wells proved to be profitable, and greatly enhanced the value of said premises. Mulkin received one-quarter of the oil produced, which was worth more than $2,000. In December, 1882, the said tenants in common sold and conveyed all their interest in said premises; the said Mulkin receiving $5,000 for his one-fourth thereof. He did not pay the plaintiff any part of the expenditures made in drilling and operating these wells, and this action was commenced many years ago to recover one-fourth of these expenditures. The original attorneys and Mulkin are dead, and also two referees who were appointed by separate orders to hear and determine the issues involved. The papers, exhibits, and minutes of the testimony taken before one of the referees in 1868 were destroyed by fire.

The plaintiff's cause of action is for money paid by him for drilling said wells and furnishing the materials therefor, and for storing the said oil. He alleged in the complaint that the sum so expended

by him was "sixteen thousand dollars, or thereabouts," and demanded judgment for $4,000, and interest from January 1, 1883. The learned referee has held that the damages were unliquidated, and, for that reason, no interest can be allowed. We cannot assent to this conclusion. Apparently there never was any controversy over the amount of the expenditures made by the plaintiff in drilling these wells. A bill of particulars was served by the attorneys for the plaintiff, itemizing with particularity the charges constituting the cause of action, and they were admitted on the trial as the amount paid out by the plaintiff, and no other proof was offered upon that subject. The executors of the defendant and Mulkin when alive claimed that there was no liability at all. In the first place, they contended that Mulkin never agreed to bear his share of these expenditures. In the second place, they claimed that, as the expenditures were for improvments made by one tenant in common without the direction of his co-tenant, Mulkin incurred no liability to reimburse the plaintiff— a defense which under the facts of this case does not appeal to the conscience of the court.

While the plaintiff did not allege the precise sum claimed to be due from the defendant, the amount was a mere matter of computation, and easily ascertainable. When a bill of particulars of the items constituting the demand was asked for, they were furnished and were satisfactory to the defendant. He did not controvert a single one of the expenditures contained in this long itemized statement. The action is to recover money expended by the plaintiff for the enhancement of their common premises and upon the explicit promise of the defendant to repay the plaintiff his aliquot proportion of the sum expended. The claim is not unliquidated in the sense in which that term is used in determining whether a debtor is chargeable with interest on his debt. The amount paid out is not uncertain. The items do not depend upon varying estimates. There is no counter-charge to diminish the sum which is plaintiff's due. The amount is capable of ascertainment by simple computation. The debtor is therefore liable to the payment of interest. Van Rensselaer v. Jewett, 2 N. Y. 135, 51 Am. Dec. 275; McMahon v. N. Y. & Erie R. R. Co., 20 N. Y. 463–469; White et al. v. Miller, 78 N. Y. 393, 34 Am. Rep. 544; Sweeny et al. v. City of N. Y., 173 N. Y. 414, 66 N. E. 101; Gen. El. Co. v. Nat. Con. Co., 178 N. Y. 369–377, 70 N. E. 928; Gray v. Central R. R. of N. J., 157 N. Y. 483, 52 N. E. 555; Excel. T. C. Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493; Matter of Burke, 117 App. Div. 477–479, 102 N. Y. Supp. 785.

In Van Rensselaer v. Jewett, supra, which has long been the leading case on this subject, the rule as to the allowance of interest is thus stated at page 140 of 2 N. Y. (51 Am. Dec. 275):

"The principle to be extracted from these decisions may be stated as follows: Whenever a debtor is in default for not paying money, delivering property, or rendering services in pursuance of his contract, justice requires that he should indemnify the creditor for the wrong which has been done him; and a just indemnity, though it may sometimes be more, can never be less, than the specified amount of money, or the value of the property or services at

the time they should have been paid or rendered, with interest from the time of the default until the obligation is discharged. And, if the creditor is obliged to resort to the courts 'for redress, he ought, in all such cases, to recover interest, in addition to the debt by way of damages. It is true that on an agreement like the one under consideration the amount of the debt can only be ascertained by an inquiry concerning the value of the property and services. But the value can be ascertained; and, when that has been done, the creditor, as a question of principle, is just as plainly entitled to interest after the default as he would be if the like sum had been payable in money."

Interest is to be computed from the time payment of the claim was demanded. O'Keeffe v. City of N. Y., 176 N. Y. 297, 68 N. E. 588; Sweeny v. City of N. Y., 173 N. Y. 414, 66 N. E. 101.

As already indicated, all the outlay was made prior to December 21, 1882, but there is no proof of a specific demand prior to the commencement of the action. Inasmuch as interest is allowable from the time demand was made, the commencement of the action will be deemed a demand setting the interest running. White et al. v. Miller, 78 N. Y. 393, 34 Am. Rep. 544. The cases cited by the counsel for the respondents are not applicable. In those cases the damages were wholly unliquidated, depending upon the determination of facts after conflicting evidence, or the claim of the creditor was subject to diminution in an uncertain sum. In this case the equities, if of any force, are with the plaintiff on his claim for interest. The value of the land owned by Mulkin, the original defendant, was only $250. Oil had not been discovered on these premises. If it existed, it was likely to be depleted by the vigilant owners of the contiguous lands who were sinking many wells. The plaintiff invested his money to drill six wells upon the promise of the defendant to contribute his aliquot share to this expense. Within nine months from this agreement Mulkin received from sales of oil and of the land more than $7,000. This action has been pending for about a quarter of a century, and the plaintiff has been kept out of his just due, and Mulkin, or his representatives, have had the use of the money during all of this time. We think he is entitled to interest from the date of the commencement of the action. The proof does not distinctly fix that date. The record shows that an order of reference was granted in the action June 11, 1884, so interest may be computed from that time until the date of the report of the referee. In any aspect of the case the plaintiff is entitled to recover and a new trial is unnecessary.

The judgment should be modified by adding interest on the sum allowed from June 11, 1884, to the date of the report of the referee, with costs to the appellant. So ordered. All concur.