SHAFER FRUIT & COLD STORAGE CO. v. E. M. UPTON COLD STORAGE CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

INTEREST (§ 19*)—DEMANDS NOT LIQUIDATED.

    A demand for damages for the deterioration of apples while in cold storage because of the negligence of the owner of the plant, which depends on conflicting evidence, does not draw interest, for the amount thereof is not ascertainable by mere computation.

    [Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 35–40; Dec. Dig. § 19.*]

    McLennan, P. J., and Kruse, J., dissenting.

Appeal from Special Term, Monroe County.

Action by the Shafer Fruit & Cold Storage Company against the E. M. Upton Cold Storage Company. From a judgment for plaintiff, entered on the report of a referee, defendant appeals. Modified and affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

John A. Barhite, for appellant.
John D. Lynn, for respondent

SPRING, J. The plaintiff, a domestic corporation engaged in the fruit business, in the fall of 1903 delivered in the cold storage plant of the defendant in the city of Rochester a large quantity of apples in barrels to be kept for the winter, at the stipulated price of 40 cents per barrel, upon the agreement of the defendant to return the same

---

in the spring in as good condition as when stored, and the action is to recover damages for the breach of that agreement. The plaintiff claims, and the referee has found, that before the apples were stored the defendant represented that its cold storage plant was in good condition, properly constructed and operated, and if fruit was in good condition when received in the plant it would retain that condition, and the defendant agreed to deliver these apples in the spring in as good condition as when placed in cold storage. The proof showed that the apples were in first-class condition when delivered to the defendant, and when redelivered to the plaintiff in the following spring they had become overripe and had deteriorated in value.

It seems that it is necessary to keep the temperature of a cold storage plant practically uniform, varying from 30 to 32 degrees Fahrenheit, in order to prevent the apples from becoming "scalded," or overripe. The proof showed that the temperature of this plant was allowed by the defendant to vary 4 or 5 degrees, and this lack of attention to the system of cooling caused the quality of the apples to depreciate during the time they were in the plant of the defendant. All these facts have been found by the learned referee upon abundant evidence, and we do not disagree with his conclusions on the merits. The referee, however, has allowed the plaintiff interest on the sum awarded from the 1st of May, 1904, the time when the last of the apples was removed from cold storage, and in this we think he erred. The damages in this case were unliquidated, and not susceptible of ascertainment by mere computation. In the first place, there was a slight reduction in the quantity of apples claimed by the plaintiff to have been damaged. The demand of the plaintiff as alleged in the complaint was for $3,000, while the referee allowed $1,034. The proof of the plaintiff as to the damage to the apples was 75 cents per barrel, while the referee allowed 25 cents per barrel. There was a question of fact as to the value of the apples in good condition in Rochester and in other large cities to which they were shipped. The whole matter depended upon varying proof.

We appreciate that there has been a departure from the former rule that interest is not allowable on an unliquidated demand. Sweeney v. City of N. Y., 173 N. Y. 414, 66 N. E. 101; Sloan v. Baird, 162 N. Y. 327, 56 N. E. 752; Gray v. Central R. R. of N. J., 157 N. Y. 483, 52 N. E. 555; White et al. v. Miller, 78 N. Y. 393, 34 Am. Rep. 544; Kervin v. Utter, 120 App. Div. 610, 104 N. Y. Supp. 1061. The amount of the claim, however, must still be ascertainable by mere computation. Excel. Terra Cotta Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493; Beckwith v. City of New York, 121 App. Div. 462, 465, 106 N. Y. Supp. 175; Coates v. Village of Nyack, 127 App. Div. 153, 158, 111 N. Y. Supp. 476.

The plaintiff never made any demand for a specific sum. Mr. Shafer, the president and manager of the plaintiff, testified that he told Mr. Hill, the manager of the defendant, "if his people would be fair in the matter we would meet them half way." And again he told him "offhand" the plaintiff "would settle for $4,000," and no other demand or suggestion was made as to the amount of damages claimed. The whole matter of the extent of the liability of the defendant, if

any, had to be ascertained from conflicting evidence. The referee in his computation found there were 4,096 barrels of fruit damaged, and he allowed a depreciation, chargeable to the defendant, of 25 cents per barrel, which would be $1,024; whereas he awarded $1,034, an error of $10 in the computation.

The judgment should be modified by reducing the sum awarded to $1,024 and striking out the interest allowed, leaving the recovery $1,024 at the date of the report, and, as so modified, affirmed, without costs of this appeal to either party. So ordered. All concur, except McLENNAN, P. J., and KRUSE, J., who dissent as to the disallowance of interest, on authority of Wilson v. City of Troy, 135 N. Y. 96, 32 N. E. 44, 18 L. R. A. 449, 31 Am. St. Rep. 817.