WILLIAM R. SMITH, Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

Interest — when claim against municipality does not draw interest until demand is made.

The rule that a claim against a municipality, although liquidated and due at a definite date, does not draw interest until demand has been made for its payment, unless it is otherwise agreed, is applicable to claims against the board of education of the city of New York.

*Smith* v. *Board of Education*, 150 App. Div. 898, modified.

(Argued March 20, 1913; decided April 4, 1913.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 8, 1912, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* and *Charles McIntyre* of counsel), for appellant. If this action were against the city of New York instead of against the board of education of the city of New York, which is one of the administrative departments of the city government (Charter, § 108), there would be no question but that plaintiff would only be entitled to interest from thirty days from the date when he filed his claim with the comptroller. (*Taylor* v. *Mayor, etc.,* 67 N. Y. 87, 94; *Sweeny* v. *City of New York,* 173 N. Y. 414; *O'Keefe* v. *City of New York,* 176 N. Y. 297.) The rule of non-liability for interest applies to all municipal corporations and they are liable for interest only from the time when they are in default, after a demand has been made upon them. (*Carr* v. *State of Indiana* ex rel. *Du Coetlosquet,* 127 Ind. 204; *Western & Atlantic R. Co.* v. *State of Georgia,* 14 L. R. A. 438; *Seton* v. *Hoyt,* 34 Ore. 272; *Board of County Comrs.* v. *Kaul,* 17 L. R. A. [N. S.] 552; *Fell* v. *Union Pacific R. R. Co.,* 32 Utah, 101; *South Yuba Water Co.* v. *City of Auburn,* 16 Cal. App. 775; *Conway* v. *City of Chicago,* 237 Ill. 128; *Appleton Water Works Co.* v. *City of Appleton,* 136 Wis. 395; *Taylor* v. *Mayor, etc.,* 67 N. Y. 87; *Paul* v. *Mayor, etc.,* 7 Daly, 144; *Cooke* v. *Vil. of Saratoga Springs,* 23 Hun, 55; *Tenth Nat. Bank* v. *Mayor, etc.,* 4 Hun, 429; 80 N. Y. 660; *Barnes* v. *Mayor, etc.,* 27 Hun, 236; *Donnelly* v. *City of Brooklyn,* 26 N. Y. S. R. 27.) It would seem that section 261 of the charter is sufficiently comprehensive to include claims against the board of education of the city of New York. (*Eagan* v. *Bd. of Education,* 115 N. Y. Supp. 167; Broom's Legal Maxims [8th ed.], 174.)

*John E. O'Brien* and *Richard J. Doyle* for respondent. Plaintiff is entitled to interest on each monthly balance of salary from the time such salary became due and payable. (*Shaul* v. *Bd. of Education,* 108 App. Div.

19; *Gunnison* v. *Bd. of Education,* 176 N. Y. 11; *City of Buffalo* v. *N. Y., L. E. & W. R. R. Co.,* 152 N. Y. 276; *Polinsky* v. *People,* 73 N. Y. 65; *Hopkins* v. *Mayor,* 4 M. & W. 621.)

HISCOCK, J.   In 1903 the board of aldermen of the city of New York adopted a resolution fixing the salary of the position of architectural draftsman in the department of education in said city at thirty-five dollars a week.   In June, 1906, respondent was appointed to such a position in said department, and continued to discharge the duties thereof until December 20, 1909.   His salary became payable at the end of each month, but he only collected the same at the rate of thirty dollars a week, so far as appears making no claim for compensasation in excess of said sum until April 18, 1911, when he filed a claim for the balance of five dollars a week and interest.   The only question presented to us is whether he is entitled to recover interest on said sum of five dollars per week from the end of each month when it became due, or only from the date when he filed his claim.

It must be regarded as well settled that a claim against a municipality, although liquidated and due at a definite date, does not draw interest until demand has been made for its payment, unless it is otherwise agreed.   This rule is independent of any statutory requirement such as the familiar one that notice of claim must be served on the municipality some time before suit can be commenced thereon.   It is based rather on the consideration that it would be inconvenient and burdensome for the officials of a municipality to seek its creditors and tender payment of their claims, and also that it would be oppressive and unjust to permit creditors of a municipality with good credit to turn claims into investments through omitting to present them and then collecting interest thereon.

This question was considered in *O'Keeffe* v. *City of New York* (176 N. Y. 297).   That action was brought to

recover installments under a contract which were liqui-
dated and due. at definite dates.  No demand had been
made for the payment thereof until long after they
became due, and for the reasons above outlined it was
held that interest could only be recovered from the date
when demand for payment had been made.  (See, also,
*Taylor* v. *Mayor, etc., of N. Y.*, 67 N. Y. 87; *Paul* v.
*Mayor, etc.*, 7 Daly, 144; *Donnelly* v. *City of Brooklyn*,
26 N. Y. S. R. 27; affirmed, 121 N. Y. 9; *Stoddart* v. *City
of N. Y.*, 80 App. Div. 254.)

I see no reason why the rule which would thus prevail
if this action were against the city of New York should
not be applied to the advantage and protection of the
board of education of that city which, speaking in general
terms, stands as a substitute for the latter as a corporate
agency of the state for the purpose of administering
educational matters.  It is suggested that while the rule
might very well be applied in behalf of the municipality
itself on account of its multifarious duties and very
numerous creditors, it should not be applied for the
benefit of a mere department like the board of education
which is charged with the performance of a much more
limited range of duties, and has a much smaller number
of claims to watch.  This differentiation, however, does
not commend itself to our judgment.  In the first place,
it is safe to assume that measured by the proposed test
the duties of the appellant board of education much more
entitle it to the protection of the principle which is invoked
than would the duties of a small municipality which
beyond question would come within the rule.  In the
second place, the attempt to determine the question of
the application of the principle which underlies the rule
by measurement in each case of the duties imposed upon
a municipality or department like the appellant would
lead to endless confusion.  It is much better to have a
uniform rule, especially where, like the present one, it
imposes no hardship.

Apparently, from the fact that the respondent collected each month part of his salary, he was in communication with the appellant, and, therefore, it would not have been literally necessary for the latter to seek him for the purpose of paying the balance of the salary, and, therefore, come within the precise language used in the *O'Keeffe* case. I do not think, however, that this circumstance relieves the respondent or should lead us to deviate from the rule. If a claimant sees fit to collect part of his claim and leave the balance with the municipality without demand therefor, the latter ought not to be required to pursue him and tender such balance in order to prevent the accrument of interest.

For these reasons I recommend that the judgment be reversed and a new trial granted, costs to abide event, unless the respondent consents that the judgment be reduced by the sum of $166.70, which represents the interest which has been allowed on balances due respondent from the dates the same respectively accrued until April 18, 1911, when he filed his claim, in which case the judgment as thus modified should be affirmed, without costs in this court to either party.

GRAY, J. (dissenting). I cannot agree with Judge HIScOCK that the special rule, to which he refers, has its proper application in the present case; namely, that a claim against a municipality draws interest only from the time of demand. This case is differentiated by its facts from the class of cases, in which such a rule is enforced. The salary attaching to the position of architectural draftsman, filled by the plaintiff, had been legally and duly fixed at $35 a week and, under the rules of the defendant, was payable monthly, on the last day of each month. He only received from the defendant these monthly payments at the rate of $30 a week. Thus, default was made by the defendant in the full payment of an indebtedness, fixed by the resolution of the board of

aldermen and entered upon its books, when due by its own rules. The defendant is an independent corporation, with which the statute required no previous filing of any notice of claim, as in the case of the city, and its relations with the plaintiff were contractual. (*Gunnison* v. *Board of Education,* 176 N. Y. 11.) How can it be held, upon the peculiar facts of the case, that a demand was necessary to be shown for the portion of the salary withheld each month? It is true that there is no evidence upon the subject of any demand; but why should there have been? Each month that the plaintiff applied for the salary, then legally due him and payable by the terms of his employment, and received less than the amount so due him, the defendant was in default and wrongfully withheld from him a portion of the debt. Impliedly, there was involved in each of these monthly transactions a demand for what his engagement with the defendant entitled him to receive. To hold, in the absence from the record of proof of a formal demand each month for the five dollars a week withheld by the defendant, that a recovery of interest upon the amounts in default, and eventually recovered, is barred, seems to me to be an unreasonable application of the special rule. In the case of *Donnelly* v. *City of Brooklyn,* (121 N. Y. 9, 19), which Judge HISCOCK cites, the opinion states the general rule to be that "when interest is not stipulated by contract, but default is made to pay a liquidated debt when due, interest is recoverable as damages from the date of default;" but holds, under the circumstances of the case, that it could not be said that "the sum for which the city was liable was so fixed and certain or the time of payment so definite that a period can, before demand, be accurately determined from which the interest shall commence to run." In the case of *O'Keeffe* v. *City of New York,* (176 N. Y. 297), the plaintiff did not make any demand for the payment of the installments, when due under his contract. Its authority cannot be

controlling in this case against the board of education, with the peculiar facts to which I have called attention.

I think the courts below have decided correctly and that the judgment, as rendered, should be affirmed.

CULLEN, Ch. J., WERNER, COLLIN and CUDDEBACK, JJ., concur with HISCOCK, J.; GRAY, J., reads dissenting opinion; MILLER, J., not sitting.

Judgment accordingly.