MINERVA J. HATCH, as Executrix, etc., of LUCIEN C. HATCH, Deceased, Respondent, v. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF MONTICELLO, Appellant.

Third Department, September 11, 1918.

**Municipal corporations — waters and watercourses — villages — payment for private pipe lines taken into corporation — interest.**

Where the board of trustees of a village passed a resolution approving a recommendation of the board of water commissioners that the village should buy private pipe lines which had been taken into the corporation, a claim therefor presented pursuant to the provisions of the Village Law should be allowed, although the proceedings were very informal.

But the claimant is only entitled to interest from the time of demand for payment.

APPEAL by the defendant, The President and Trustees of the Village of Monticello, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 25th day of February,

1918, upon the decision of the court after a trial before the court without a jury at the Sullivan Trial Term.

*John D. Lyons*, for the appellant.

*Joseph I. Stahl*, for the respondent.

LYON, J.:

In 1902 Mary J. Robinson and five other persons residing outside of the village of Monticello laid, at their own expense, a two-inch water main connected with the defendant's main, and through it received their water supply, paying double the rates charged residents. They allowed other persons to tap the mains, and divided the money received therefrom among the other owners thereof according to the amount paid by each. The defendant is an incorporated village and since March 17, 1908, has had a separate board of water commissioners. On that date the corporate limits were extended so as to include the residences of such persons. Thereafter and until 1914 they received through said two-inch main their water supply and paid the same rates as other residents. In 1914 a four-inch pipe was laid and through it they thereafter received their water supply, and the two-inch main was disconnected but left in the ground.

The minutes of the board of water commissioners show that at a " special meeting of Water Board, January 14, 1909. Present: Hempt, Kelly and Turner. The Board took up the matter of the individual water pipes taken into the corporation by the election of March 17, 1908, with the result that they recommend to the village trustees that the following persons are in the estimation of this Board entitled to payment as follows:  *  *  *  Mrs. M. J. Robinson and others, Waverly, $425. (Signed) Luton Lanfield, Clerk."

The minutes of the board of trustees show that " at a meeting of the Board of Trustees held February 23, 1909, Myer, Miller and Holmes, present, the following communication from the water commissioners was received: Resolved that we recommend to the Board of Trustees that the following persons taken into the corporation by the election held March 17, 1908, and in the estimation of this Board entitled to payment for private water mains as follows:  *  *  *  Mrs.

M. J. Robinson and others, Broadway, East, $425. (Signed) R. S. Turner, George M. Hempt, John Kelly, Commissioners. After looking into the matter and going over the figures with the Water Board it was resolved that we raise enough money in our budget for the ensuing year to buy the several private pipe lines and reimburse these people who have helped to build up our water system. Carried, all members voting Aye. Luton Lanfield, Clerk."

After the passage of the resolution by the board of water commissioners the claims of the other five persons were assigned to Mary J. Robinson, who on April 23, 1915, duly assigned to plaintiff's testator all her right, title and interest in and to a certain claim against the village of Monticello for $425 and interest, being the price which said village had agreed to pay her for certain water mains. It will be noticed that of the accounts presented February 23, 1909, the accounts of O'Neil and Watson are marked " paid," leaving the amount unpaid $923.42.

On or about April 24, 1915, the plaintiff's testator presented to the defendant a claim properly verified. It is conceded that no part of said claim has been paid or satisfied, and that such bill and notice was served and presented pursuant to the provisions of the Village Law. The whole proceedings were very informal but sufficient is shown to justify the judgment. This action was commenced August 24, 1915. The court directed a judgment in favor of the plaintiff for $425, with interest from the 23d day of February, 1909, with costs.

I think the allowance of interest was incorrect. The plaintiff was entitled to interest only from the time the demand was made for its payment, which was on the 24th day of April, 1915. (*Smith* v. *Board of Education,* 208 N. Y. 84.) The judgment should be modified by allowing interest from only April 24, 1915, and as so modified affirmed, with costs, but without costs of this appeal.

Judgment modified in accordance with the opinion, and as so modified unanimously affirmed, with costs, but without costs of appeal.