CHARLES A. BRUNNER et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, March 12, 1951.

*David A. Savage* for plaintiffs.

*John P. McGrath, Corporation Counsel* (*William J. Ferrall* of counsel), for defendant.

HAMMER, J. The plaintiffs, court attendants in the Municipal Court of the City of New York, instituted this action to recover the sum of $380 as the unpaid portion of their respective salaries for the period September 18, 1942, to June 30, 1943.

The plaintiffs have moved for an order striking out the answer of defendant and directing judgment be entered in favor of plaintiffs pursuant to rule 113 of the Rules of Civil Practice on the ground that there is no defense to this action. Companion motions for the same relief have been made in five similar actions brought against the city which involved the following plaintiffs: Crossin, Harris, Lombardi, Romayne and Seitz, who were employed by the city as auto enginemen during the period in claim herein. The disposition made in the instant motion is to be considered as the same disposition made in each of the other five attendant motions now before me.

The question involved is the plaintiffs' right to recover salary due them for the period September 18, 1942, to June 30, 1943, inclusive, plus interest thereon from the dates that they first signed their payrolls under protest during said period of claim. Both of the aforesaid groups of plaintiffs, the one court attendants and the other auto enginemen, were in the employ of the defendant for at least one year previous to July 1, 1937. Each plaintiff had been appointed to his position at a salary of less than $1,800 per year. The positions and titles of "Court Attendant, Municipal Court" and "Auto Enginemen" were at all times from on or before July 1, 1936, to June 30, 1943, in the ungraded competitive class of the civil service classification of the City of New York.

From July 1, 1937, to September 17, 1942, while the plaintiffs were employed under their respective titles, Local Laws, 1936, No. 45 of City of New York, later becoming section B40-6.0 of the Administrative Code of the City of New York (L. 1937, ch. 929), provided in part as follows:

" § B40-6.0 *Employees; certain civil service; annual incre-ments.*— a. In each annual expense budget, there shall be included and provided annual salary increments, to take effect January first or July first each year, of at least one hundred twenty dollars for each employee in the competitive class, as defined by section fourteen of the civil service law as more particularly hereinafter described and provided:

" 1. For each employee, who, on January first or July first each year, has served one year or more in a grade or rank of a position in the graded service of the competitive class, the minimum annual salary of which is one thousand eight hundred dollars per annum or less, there shall be provided in each annual budget and paid from such January first or July first, an annual salary increment of at least one hundred twenty dollars until the maximum salary of the grade or rank shall have been reached.

" 2. For each such employee, who on January first or July first each year, has served one year or more *in a position of the ungraded service of the competitive class, the entrance appoint-ment salary of which is one thousand eight hundred dollars per annum or less,* there shall be provided in each annual budget and paid, from such January first or July first, an annual salary increment of at least one hundred twenty dollars until four such annual increments shall have been reached." (Italics supplied.)

The defendant admits:

1. The plaintiffs were continuously employed under their respective titles from a date earlier than July 1, 1936, to and including June 30, 1943.

2. The appointment salary of each plaintiff to his respective position was less than $1,800 per annum.

3. During all of the time from July 1, 1936, to June 30, 1943, the said positions of " Court Attendant — Municipal Court " and " Auto Engineman " were in the ungraded competitive class of the civil service classification of the City of New York.

Therefore, in accordance with section B40–6.0 of the Administrative Code, plaintiffs, being in the ungraded service of the competitive class, and having been appointed at a salary of less than $1,800 per annum, were entitled to be paid and receive an annual mandatory salary increment of at least $120 each year beginning July 1, 1937, until four such increments were paid.

The defendant refused to pay plaintiffs the four mandatory increments due them until the Court of Appeals, in *Matter of Petrocelli* v. *McGoldrick* (288 N. Y. 25 [April 23, 1942]) ruled that employees of the City of New York in the ungraded competitive class of civil service whose entrance appointment salary to their positions was less than $1,800 per annum were entitled to four annual increments of $120 each pursuant to the provisions of Local Laws, 1936, No. 45 of City of New York, even though such increments would take them beyond an annual salary of $2,280 per annum. Previous to this decision the defendant had interpreted Local Laws, 1936, No. 45 of City of New York, as meaning that increments should be paid to ungraded employees only if their salaries did not exceed $2,280 per annum.

The plaintiffs Brunner *et al.*, employed as court attendants, were each receiving a salary of $2,700 without the benefit of the four annual mandatory increments due them. The defendant attempted to fix their salaries at the rate of $2,700 per annum in the budget for the fiscal year 1942–1943 even though the decision in the *Petrocelli* case required defendant to fix plaintiffs' salaries at $3,180 per annum.

On September 17, 1942, the board of estimate, purporting to act under Local Laws, 1942, No. 45 of City of New York, adopted the following resolution:

" BOARD OF ESTIMATE
City of New York
(Cal. No. 251)

" Whereas, The effect of the decision of the Court of Appeals in the Petrocelli case interpreting the ' McCarthy Increment Law ' was to award salary increases in the form of increments to certain employees in the ungraded service, which carried the salaries of such employees to amounts in excess of $2,400 per annum; and

" Whereas, The ' McCarthy Increment Law ' has since been amended (Local Law No. 45 for the year 1942) to provide that it shall not be construed (1) so as to entitle any such employee to a salary in excess of $2,400 per annum or (2) to authorize a reduction in the salaries of such employees as provided in the Budget on July 1, 1942; and

" Whereas, It is now desired to fix the salaries of such employees in conformity with such amendment to the ' McCarthy Increment Law '; now, therefore, be it

" *Resolved, That effective September 18, 1942, the salary of each employee who, by reason of the Petrocelli decision is now entitled to a salary in excess of $2,400 per annum, is hereby reduced to and fixed at the sum of $2,400 per annum, or at the amount fixed for such employee in the expense budget on July 1, 1942, if such amount exceeds $2,400 per annum.*" (Italics supplied.)

Acting under this resolution, the salary of each plaintiff who by reason of the decision in *Matter of Petrocelli* v. *McGoldrick* (*supra*) was entitled to receive a salary in excess of $2,400 per annum, was reduced to $2,400 or to the amount fixed as his salary in the budget adopted July 1, 1942, if such amount was in excess of $2,400 per annum.

From September 18, 1942, to June 30, 1943, pursuant to the aforesaid resolution adopted by the board of estimate, plaintiffs Brunner *et al.*, employed as court attendants, were paid at the rate of $2,700 per annum instead of $3,180 per annum. As a result thereof each of said plaintiffs suffered a loss of salary in the sum of $377.33 for the period September 18, 1942, to and including June 30, 1943. In 1944 the defendant paid each of the plaintiffs Brunner *et al.*, (by means of a supplementary payroll) the difference between $2,700 per annum and the $3,180 per annum up to September 17, 1942.

In like manner, the plaintiffs, William J. Crossin, Samuel Harris, Frank M. Lombardi, Joseph Romayne and Frederick Seitz, employed as "Auto Enginemen," also had their salaries reduced on September 18, 1942, under the resolution adopted by the board of estimate.

In a case just like the instant one (*Rasmussen* v. *City of New York*, 88 N. Y. S. 2d 103, affd. 276 App. Div. 904, affd. 301 N. Y. 532) it was held that the reduction in salary imposed upon Rasmussen, a municipal court attendant, under the same set of facts as the instant case, was illegal and that Rasmussen was entitled to recover the difference in salary due him from September 18, 1942, to and including June 30, 1943. In that case the defendant interposed the same answer it has made herein. No new facts or defenses have been set up in the defendant's answer herein and the decision in *Rasmussen* v. *City of New York* (*supra*) is applicable in all respects to the instant case with the single exception that the plaintiffs herein claim they are entitled to recover interest from the 30th day of September, 1942, if they signed their payrolls under protest at that time. If they did not sign their payrolls under protest on that payroll date, then they claim that they are entitled to interest from the date of the first payroll when they did sign under protest during the period of claim herein. The defendant claims that interest is payable only from the date that plaintiffs filed a written claim with the comptroller of the City of New York. This point of law was not raised or passed upon in *Rasmussen* v. *City of New York* (*supra*).

The affirmative defense raised by the defendant that some of the plaintiffs did not sign all their payrolls under protest during the period of claim herein is conceded. As to those plaintiffs the payroll periods for which they did not sign under protest and the amounts to be deducted from the total claim are set forth in a schedule. The actual amount claimed herein to be due to each plaintiff was arrived at after conference and computations made with the corporation counsel's assistant handling this case for defendant.

Since the decision in *Rasmussen* v. *City of New York* (*supra*) has definitely established the right of plaintiffs herein to recover the difference in wages due them for the period September 18, 1942, to June 30, 1943, there is no necessity for pressing this point any further. The only question to be decided herein is one of law, to wit: From what date must the defendant pay interest to the plaintiffs on the sums due and owing to them?

It is well settled that a claim against a municipality does not draw interest until demand has been made for its payment (*Taylor* v. *Mayor of City of N. Y.*, 67 N. Y. 87; *Smith* v. *Board of Educ. of City of N. Y.*, 208 N. Y. 84; *Rapid Tr. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472). The defendant accordingly contends that it need pay interest only from the date that plaintiffs filed a written claim upon the comptroller of the City of New York. Plaintiffs, however, as hereinabove pointed out, claim they are entitled to interest from September 30, 1942, or such other date when they first signed their payrolls under protest, and, plaintiffs distinguish between the demand contemplated by the aforementioned cited cases and the notice of claim provided for under section 394a–1.0 of the Administrative Code of the City of New York. In the *Smith* v. *Board of Educ. of City of N. Y.* case (*supra,* p. 86) the court said (as quoted in *Rapid Tr. Subway Constr. Co.* v. *City of New York, supra,* p. 495): "It must be regarded as well settled that a claim against a municipality, although liquidated and due at a definite date, does not draw interest until demand has been made for its payment, unless it is otherwise agreed. This rule is independent of any statutory requirement such as the familiar one that notice of claim must be served on the municipality some time before suit can be commenced thereon."

It is well to remember that when the *Taylor* case (*supra*) was decided in 1876 there was no provision of the Greater New York Charter comparable to section 149 thereof (Administrative Code, § 93c–2.0) contemplating the signature of the payroll under protest. All that the *Taylor* case held was (p. 94): "the defendants, I think, are correct in the legal position that interest can only be claimed from the time of demand." The *Taylor* case I do not find to be authority for defendant's contention here because the facts here are different. In the case at bar plaintiffs signed their payrolls under protest and thereby demanded the withheld balance due them. The fact that they did not file a formal notice of claim pursuant to section 394a–1.0 of the Administrative Code until 1947 is immaterial under the facts herein. The requirement for the filing of a notice of claim as distinguished from the making of a demand is purely adjective. It is procedural. Section 394a–1.0 is intended to give the defendant an opportunity to settle a claim without suit. It is not substantive nor does it go to the essence of the claim itself. All that the substantive law requires is that there be a demand, and it undoubtedly was such a demand on each payroll day when

the plaintiffs signed their payrolls under protest. This distinction between a demand and a notice of claim was recognized in *Smith* v. *Board of Educ. of City of N. Y.* (*supra*) and in *Rapid Tr. Subway Constr. Co.* v. *City of New York* (*supra*).

In the case of *Brunner* v. *City of New York* (N. Y. L. J., June 16, 1941, p. 2707, col. 1), plaintiff was granted judgment for salary due him " with interest from the date that he signed his payrolls under protest." It was there contended by the defendant that interest was due only from the time of the filing of a claim. The court, however, held that interest was payable upon the amounts due in each payroll period from the date plaintiff had signed his payrolls under protest. To like effect we have the case of *Matter of Marks* v. *La Guardia* (31 N. Y. S. 2d 336, 358, mod. 262 App. Div. 709, affd. 286 N. Y. 625) wherein the court below, in deciding the issue of interest, stated: " There remains for consideration the question of the amount of interest to which petitioner is entitled. He demands interest on the monthly installments of annuities as they accrued from 1928. Respondents concede the right to interest only from the date of written demand in October, 1939. It is conceded, however, by respondents that about the latter part of March, 1938, petitioner inquired of the secretary of the retirement system when amount of annuities in arrears would be paid him. This is tantamount to a demand. Accordingly, if a demand is necessary to start interest running, such interest will be computed March 30, 1938."

Upon appeal the Appellate Division modified the judgment by granting interest from January 1, 1928.

From all of the foregoing facts and circumstances and examination of the authorities cited, I am convinced and persuaded that plaintiffs' position with regard to the interest is proper and that they made a proper demand upon the defendant when they signed their payrolls " under protest." They are entitled to recover interest from the 30th day of September, 1942, or from the date they first signed their payrolls under protest.

Accordingly, summary judgment is granted plaintiffs for the amounts actually due, as stipulated in the schedule submitted to the court herein, together with the interest as directed herein. Settle order.