Saypol, J.
At the outset, the defendant’s motion to correct the clerk’s minutes and the extract dated October 3, 1955, filed in the office of the County Clerk on October 4, 1955, is granted to the extent of directing the vacatur of the extract which is denominated “ supplemental and amended extract” and striking the entry from the clerk’s minutes dated October 3, 1955.
The decision of the court awarding judgment for the plaintiff in this action for breach of contract was filed September 21, 1955. The clerk issued his certified extract on September 27, 1955, neglecting to add interest in disregard of the plain mandate of section 480 of the Civil Practice Act. The plaintiff then made a motion on notice returnable at the trial part for a direction to add interest to the judgment from July 1, 1947. In advance of the return day of the motion, the clerk gratuitously changed the record. He either acted on his own initiative when informed of the requirement of law as to interest by my clerk or mistakenly accepted the advice as a mandate, propping his conduct by denominating it as a direction from the court, which he did not have.
It is the duty of the assistant special deputy clerk to be in attendance at the part or term of the Supreme Court and to keep its minutes (Judiciary Law, § 270). The minutes are part of the records of the Supreme Court (Judiciary Law, § 153). A process, pleading or record, shall not be altered, by the clerk or any other officer of the court, or by any other person, without the direction of the court, or of another court of competent authority (Penal Law, § 2053); a direction of a court or judge made in an action or special proceeding must be in writing unless otherwise specified in the particular case (Civ. Prac. Act, § 127).
It has been held that once the clerk makes an entry on the minutes he is functus officio (Elliott v. Peirsol, 1 Pet. [U. S.] 328). He is powerless to correct his own errors but can act only on the orders of the court. Since there was no direction for any change, the whole thing is a nullity and must be obliterated (10 Am. Jur., Clerks of Courts, § 15, notes 13, 14; 45 Am. Jur., Records and Recording Laws, § 71).
It must be evident upon reflection that in a very real sense the minutes constitute the record of events at the trial of even greater significance than the reporter’s notes which, in essence, reflect the testimony of witnesses. For one thing to change them after the recording of an event would be destructive of their value as the original record. In the same way if the *264 clerk, after the formal event, may change the minutes on his own say-so, or informally whether deemed by him corrective or not, it would be nullifying.
That brings up the question of the plaintiff’s right to interest. Smith v. Board of Education (208 N. Y. 84), cited by it squarely holds that an action against a municipality, independently of any statute, will draw no interest before demand. The logic is apparent, so as to block creditors intending to turn their claims into secured investments through omitting to present them and then collecting interest thereon. Since it is here required by statute that suit on a claim be conditioned on the filing of a notice of claim with the comptroller who shall have thirty days to settle or adjust it, that event controls the onset of the interest period (Taylor v. Mayor, Alderman & Commonalty of City of N. Y., 67 N. Y. 87, 94; O’Keeffe v. City of New York, 176 N. Y. 297, 298).
The plaintiff filed its first notice March 15, 1949, seeking damages of $196,389.47 and a year and a half later on December 15.1950, it filed an amended notice asking for $225,839.91. The action was instituted for the latter amount on August 13, 1951.
The filing of the second notice of claim constituted a virtual abandonment of the first notice (La Chicotte v. City of New York, 166 App. Div. 279); in fact if the plaintiff’s proof of its case at the trial were to depend on the earlier notice, there would have been a defect in proof and a consequent nonsuit.
Accordingly the plaintiff is entitled to interest at the rate of 4% commencing on a day thirty days from the date of presentation of the amended notice of claim which is January 15.1951.
While the net effect of all of this is to change the interest date from July 1, 1947, to January 15, 1951, all that has been said is deemed necessary as a cautionary word to avoid complications even though arising from the best of intentions.
Settle order directing the foregoing.