Samuel M. Gold, J.
This is a motion for summary judgment. Plaintiff brings this action to recover $5,100, the amount of interest allegedly due on his salary withheld since his alleged wrongful dismissal in 1954. Defendant cross-moves for summary judgment dismissing the complaint.
The material facts are as follows: Plaintiff was an associate professor of music at Hunter College, with tenure. This is a public college controlled and operated by the Board of Higher Education of the City of New York. On March 26, 1954, plaintiff was questioned by a representative of defendant’s special *496 committee to study subversion in the municipal colleges. In the course of questioning, plaintiff admitted that he at one time had been a member of the Communist party but that such membership had been terminated. He refused to answer further questions relating to (1) names of other persons associated with him in the Communist party and (2) questions of a statistical nature such as the size of his Communist unit and average attendance at meetings. As a result of his failure to answer these questions he was suspended without pay on April 12,1954, served with charges and after a trial on September 30, 1954, he was found guilty and dismissed as of that date.
On August 7,1956, the Commissioner of Education of the State of New York rendered a decision on the appeal taken by plaintiff from the decision of the defendant. In his opinion (77 State Dept. Rep. 57) the Commissioner held that plaintiff was justified in refusing to give names of other members of the party. He held, however, that the other questions were purely of a statistical nature and that plaintiff was required to answer them.
This decision was upheld by the Supreme Court (6 Misc 2d 453), affirmed by the Appellate Division, Third Department (5 A D 2d 1038), and by the Court of Appeals (6 N Y 2d 127).
In accordance with the Commissioner’s opinion, the plaintiff again appeared before defendant’s special committee at which time he was asked the statistical questions and satisfactorily answered them. On July 22, 1959, defendant adopted a resolution reinstating plaintiff to his former position of associate professor of music at Hunter College and giving him back pay from August 13, 1954 to August 1, 1959, less earnings received by him during that period. He received $40,544.60. Plaintiff now sues to recover the sum of $5,100, the interest accruing upon each monthly installment of his salary from the date of his suspension until February 19,1960, when the aforesaid principal sum was paid.
Defendant contends that under the decision of the Commissioner of Education the plaintiff had been rightfully discharged for refusing to answer the statistical questions and that his right to salary did not accrue until he had satisfactorily answered the questions. This contention seems to the court to be without merit. The Commissioner of Education “ Ordered that the action of the Board of Higher Education of the City of New York in dismissing appellant [plaintiff in this action] be * * * in all respects set aside and annulled.” Although the Commissioner did direct the plaintiff to answer the so-called statistical questions, he nevertheless recognized that until his decision in Matter of Adler, dated August 7,1956 (77 State Dept. Rep. 53), *497 the plaintiff herein could not have been cognizant of the necessity for answering statistical questions.
The defendant itself obviously recognized the unqualified effect of the Commissioner’s decision by reinstating plaintiff and paying him his full salary during the period of suspension, less the money earned by plaintiff during that period. For the same reason the plaintiff would seem clearly .to be entitled to recover the interest accruing on his salary.
Defendant maintains that claims for interest on obligations of school boards and municipalities are specially treated, citing Smith v. Board of Educ. (208 N. Y. 84, 88). In that case, however, the respondent had collected part of his salary each month and made no demand for the balance. The court correctly held that u If a claimant sees fit to collect part of his claim and leave the balance with the municipality without demand therefor, the latter ought not to be required to pursue him and tender such balance in order to prevent the accruement of interest.”
The Smith case cannot be controlling in this case, where the plaintiff had been denied his salary and could not, therefore, have been expected to demand interest thereon. In Matter of Holman v. Gerosa (New York County Index No. 10,046/1955), the Commissioner of Education ordered the reinstatement of an employee from the date of his suspension, on the ground that he was not guilty of the charges upon which he had been dismissed after a departmental trial. The court held for the petitioner but signed an order providing for interest only from the date of the demand. However, the general rule is that a Government employee who has been improperly dismissed is entitled to interest on his back pay (Shaul v. Board of Educ., 108 App. Div. 19). There is no reason why such rule should not be followed in this case.
The motion for summary. judgment is granted in favor of plaintiff, and defendant’s cross motion is denied. Settle order fixing the amount of interest due on the basis of this decision.